Fareed Sepehry-Fard
12309 Saratoga Creek Dr.
Saratoga, CA [95070]
Phone Number: (408) 690-4612
Sui Juris

# Filed

JUL 0 8 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

*Fee paid*
*ST (5)*

Fareed Sepehry-Fard

Plaintiff,

vs.

DEPARTMENT STORES NATIONAL

**BANK**

CITIBANK SOUTH DAKOTA, NA

MICHAEL S HUNT

ANTHONY DIPIERO

DONALD SHERRILL

PATRICIA M. LUCAS

MARY ARAND

MARK H. PIERCE

SANTA CLARA COUNTY COURT

LOS ANGELES COUNTY SHERIFF

LARRY STROWBRIDGE

And John and Jane Does 1-199.

Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case Number:

# CV-13-03131

Judge

**COMPLAINT FOR VIOLATION OF
CIVIL RIGHTS AND DEMAND FOR
MONETARY AWARD**

*[Pursuant to RULE 60, FTCPA, FDCPA,
17200 ET SEQ, NEGLIGENCE, Title 18 U.S.C
§§§§§§ 2, 3, 4, 1503, 1505, 1510, 1512, 1961,
1962, 1963, 1964, 1965, 1966, 1967, 1968,
and Title 42 U.S.C §§§§§ 1981, 1982, 1983,
1985, 1986 and Cal Const art VI, § 13, (Title
18 USC § 241, § 242, 15 USC 1515 et seq
implicated)]*

**JURY TRIAL DEMANDED**

Date:
Time:
Ctrm:

1

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR
MONETARY AWARD**

**Notice to Agent is Notice to Principal and Notice to Principal is Notice to Agent**

**Complaint Seeking Damages**

(**Demands For Violations of** *FTCPA, FDCPA, 17200 ET SEQ, NEGLIGENCE, Title 18 U.S.C §§§§§§§§§§§§§ 2, 3, 4, 1505, 1510, 1512, 1961, 1962, 1963, 1964, 1965, 1966, 1967, 1968, Title 42 U.S.C §§§§§1981, 1982, 1983, 1985, 1986*)

**COMES NOW** Plaintiff Fareed Sepehry-Fard ("Plaintiff"), Sui Juris, a Sovereign American Citizen, with and claiming all of his unlimited, inherent, unalienable, Constitutionally secured Rights, hereby respectfully moves this Honorable Court to order Defendants and DOE Defendants to pay for Plaintiff's damages due to Defendants' and DOE Defendants' unlawful acts.

## I.    JURISDICTION AND VENUE

1.    This is a civil action for immediate injunction relief, award of Plaintiff's actual, punitive damages and recoupment claim pursuant to UCC 9404(a), filed by alleged debtor and pursuant to the Federal Telephone Consumer Protection Act, 47 U.S.C Section 227 et seq. (hereinafter referred to as "FTCPA"), Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. (hereinafter referred to as "FDCPA"), violation of Cal. Bus and Prof. Code section 17200, et seq. , NEGLIGENCE, Title 18 U.S.C §§§§§§§§§§§§§§ 2 (PRINCIPALS) , 3 (ACCESSORY AFTER THE FACT), 4 (MISPRISION OF FELONY), 1505 (OBSTRUCTION OF PROCEEDINGS BEFORE DEPARTMENTS, AGENCIES, AND COMMITTEES), 1510 (OBSTRUCTION OF CRIMINAL INVESTIGATIONS), 1512 (TAMPERING WITH A WITNESS, VICTIM, OR AN INFORMANT),  1961 (Racketeering Enterprise),1962 (PROHIBITED ACTIVITIES), 1963 (CRIMINAL PENALTIES), 1964 (CIVIL REMEDIES),

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

1965(VENUE AND PROCESS), 1966 (EXPEDITION OF ACTIONS), 1967(EVIDENCE), 1968 (CIVIL INVESTIGATIVE DEMAND), Title 42 U.S.C §§§§§ 1981 (EQUAL RIGHTS UNDER THE LAW), 1982(PROPERTY RIGHTS OF CITIZENS), 1983(CIVIL ACTION FOR DEPRIVATION OF RIGHTS), 1985(CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS), 1986(ACTION FOR NEGLECT TO PREVENT) and Cal Const art VI, § 13.

2.    And under United States Constitution Article IV section 2 and 3; Amendment to the United States Constitution Amendments IV, V, VI, I;

3.    This court's jurisdiction is invoked as is found by reference at 28 USC § 1331 and § 1346.

4.    This court's jurisdiction for issuing all Writs necessary is found by reference to 28 USC § 1651 duly invoked each as more fully appears hereinafter.

5.    This court's Article III judicial power under United States Constitution jurisdiction is invoked.

6.    Venue is correct and dully noted under District of Columbia Code § 13-421 and § 13-422.

## II.    GENERAL ALLEGATIONS

### PARTIES

### A.    Plaintiff

7.    Fareed :Sepehry-Fard has been the victim of a conspiracy by Defendants to deprive Fareed :Sepehry-Fard from life, liberty, pursuit of happiness and Fareed :Sepehry-Fard's right to his private property and assets.

8.    Undersigned Plaintiff, claiming protection under witness standing and capacity, report wrongful acts herein which on information and belief are in violation of Federal Civil Rights guaranteed by Constitution to be provided to Plaintiff by any and all federal officers under personal oath and employment contracts to the public trust each serves.

3

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

B.    **Defendants**

9.    Defendant, THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR SANTA CLARA COUNTY, is believed to be a private, for profit entity holding same under unknown federal registration operating under an unknown EIN, a federal employee pursuant to 5 USC § 552(a), (13).  On information and believe, THE SUPRIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR SANTA CLARA COUNTY (hereinafter SCSC), located at 191 North First Street, San Jose, CA 95113, is operating under goods and services provider for the judicial power Superior Court of Santa Clara County, State of California and doing business in Santa Clara County.

10.    Defendant, Patricia M. Lucas, Santa Clara County Court, 191 North First Street, San Jose, CA 95113, is sued as a private individual whose employment is alleged to be as judge of SCSC acting as alleged judicial officer under color of state law at all times relevant herein. Lucas is federal personnel pursuant to Title 5 USC § 552a,(a)(13).. "individuals entitled to receive immediate or deferred retirement benefits under any retirement program of the United States." under personal identifier as social security number claimed by Defendant, Patricia M. Lucas, living in the State of California.

11.    Defendant, Mark H. Pierce, Santa Clara County Court, 191 North First Street, San Jose, CA 95113, is sued as a private individual whose employment is alleged to be as judge of SCSC acting as alleged judicial officer under color of state law at all times relevant herein. Pierce is federal personnel pursuant to Title 5 USC § 552a,(a)(13).. "individuals entitled to receive immediate or deferred retirement benefits under any retirement program of the United States." under personal identifier as social security number claimed by Defendant, Mark H. Pierce, living in the State of California.

12.    Defendant, Mary Arand, Santa Clara County Court, 191 North First Street, San Jose, CA 95113, is sued as a private individual whose employment is alleged to be as judge of SCSC acting as alleged judicial officer under color of state law at all times relevant herein. Arand is federal personnel pursuant to Title 5 USC § 552a,(a)(13).. "individuals entitled to receive immediate or deferred retirement benefits under any retirement program of the United

4

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

1   States." under personal identifier as social security number claimed by Defendant, Arand,

2   living in the State of California.

3       13.    Defendant, Anthony Dipiero, 151 Bernal Rd., Suite 8, San Jose, CA 95113, is

4   sued as a private individual whose employment is alleged to be Attorney of HUNT &

5   HENRIQUES acting as alleged attorney under color of state law at all times relevant herein.

    Dipiero is federal personnel pursuant to Title 5 USC § 552a,(a)(13).. "individuals entitled to

6   receive immediate or deferred retirement benefits under any retirement program of the United

7   States." under personal identifier as social security number claimed by Defendant, Anthony

8   Dipiero, living in the State of California.

9       14.    Defendant, Donald Sherrill, 151 Bernal Rd., Suite 8, San Jose, CA 95113, is

10  sued as a private individual whose employment is alleged to be Attorney of HUNT &

    HENRIQUES acting as alleged attorney under color of state law at all times relevant herein.

11  Sherrill is federal personnel pursuant to Title 5 USC § 552a,(a)(13).. "individuals entitled to

12  receive immediate or deferred retirement benefits under any retirement program of the United

13  States." under personal identifier as social security number claimed by Defendant, Donald

14  Sherrill, living in the State of California.

15      15.    Defendant, Michael S. Hunt, 151 Bernal Rd., Suite 8, San Jose, CA 95113, is

16  sued as a private individual whose employment is alleged to be Attorney of HUNT &

    HENRIQUES acting as alleged attorney under color of state law at all times relevant herein.

17  Hunt is federal personnel pursuant to Title 5 USC § 552a,(a)(13).. "individuals entitled to

18  receive immediate or deferred retirement benefits under any retirement program of the United

19  States." under personal identifier as social security number claimed by Defendant, Michael S.

20  Hunt, living in the State of California.

21      16.    Defendant, Leroy D. Baca, 110 N. Grand Ave. Rm 525, Los Angeles, CA

22  90012, is sued as a private individual whose employment is alleged to be Sheriff of Los

    Angeles County acting as alleged Sherriff under color of state law at all times relevant herein.

23  Baca is federal personnel pursuant to Title 5 USC § 552a,(a)(13).. "individuals entitled to

24  receive immediate or deferred retirement benefits under any retirement program of the United

25

26                                        5

27  **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR
    MONETARY AWARD**

States." under personal identifier as social security number claimed by Defendant, Leroy D. Baca, living in the State of California.

17.     Defendant, Larry Strowbridge, 151 Bernal Rd., Suite 8, San Jose, CA 95113, is sued as a private individual whose employment is alleged to be a process server acting as alleged process server under color of state law at all times relevant herein.   Strowbridge is federal personnel pursuant to Title 5 USC § 552a,(a)(13).. "individuals entitled to receive immediate or deferred retirement benefits under any retirement program of the United States." under personal identifier as social security number claimed by Defendant, Larry Strowbridge, living in the State of California.

18.     Defendant, Department Stores National Bank, 701 East 60th Street North Sioux Falls, SD 57104, is sued as a fictitious entity which has no employees and no permit to operate in CALIFORNIA, is alleged to be a BANK acting as alleged BANK under color of state law at all times relevant herein.   Defendant, Department Stores National Bank has charter number: 24622 and is fully owned by Citibank .

19.     Defendant, Citibank South Dakota, NA 701 E 60th Street North Sioux Falls, SD 57104, is sued as a fictitious entity, is alleged to be a BANK acting as alleged BANK under color of state law at all times relevant herein.

20.     Defendants John and Jane Doe 1-199, hereinafter Does when identified as DOES otherwise.

21.     The true names and capacities, whether individual or corporate, associate or otherwise of Defendants named herein, as Does 1 through 199, are unknown to Plaintiff who therefore sues these Defendants in their fictitious names.  Plaintiff will ask leave to amend this Complaint to show their true names and capacities when they have been ascertained.  Plaintiff is informed and believe and therein allege that some of the fictitious named Defendants claim some right, title, estate, lien, or interest in the subject and described PROPERTY herein and are in support of other named Defendants which is adverse to Plaintiff's claims, and each of them, constitute a cloud on Plaintiff legal rights and Defendants' adverse credit reporting to credit agencies on an unsubstantiated debt which was obtained by Defendants' fraud on court

6

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

indentified below, the allegations of this Complaint have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

### III.   SPECIAL ALLEGATIONS

22.   At all times relevant hereto, Defendants claim they are legitimate government offices or officers of the State of the California and operate under California as publically stated perception, action under the color of state law.

23.   Plaintiff is informed and believe, and thereon allege, that at all times herein mentioned, Defendants were acting on their own behalf and as agents or employees of each of the other Defendants, and the acts described hereinafter were done in the course and scope of such agency or employment, as well as on their own behalf.  Further, Defendants' principles in the doing and manner, of the alleged acts or omissions, and ratified said behavior, each of the other , unless otherwise specified Defendants Does 1 through 199 will be referred collectively to as "Defendants".

24.   The allegations herein stated on information and believe have evidentiary support and is based on public information.

25.   Plaintiff is informed and believe and thereon allege that the contract creating the government entity entitled the State of California is in the form of Constitutions. In and on California the 1879 People's Organic Constitution and the 1789 federal franchise Constitution and are controlling law.   These contracts are the only legal relationship between the People of California and the State of California and state Citizens are grantors to all governmental powers pursuant to PREAMBLE, Article 1 DECLARATION OF RIGHTS, "**SECTION 1 POLITICAL POWER.**  All political power is inherent in the people, and governments derive their just powers from the consent of the governed, and are established to protect and maintain individual rights."  And "**SECTION 2 SUPREME LAW OF THE LAND.**  The constitution of the United States is the supreme law of the land." which supports this Civil Rights Violation action. Plaintiff rely on Article 1, Section 30 "**SECTION 30 RIGHTS RESERVED.**  The enumeration in this Constitution of certain rights shall not be construed to deny others retained by the people.", Article 1 Section 3 " **SECTION 3 PERSONAL RIGHTS.**  No person shall be

7

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

deprived of life, liberty, or property, without due process of law.", Article 1, Section 7 **"SECTION 7 INVASION OF PRIVATE AFFAIRS OR HOME PROHIBITED.** No person shall be disturbed in his private affairs, or his home invaded, without authority of law.", Article 1, Section 12 **"SECTION 12 SPECIAL PRIVILEGES AND IMMUNITIES PROHIBITED.** No law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations.", Article 1, Section 23 **"SECTION 23 BILL OF ATTAINDER, EX POST FACTO LAW, ETC.** No bill of attainder, ex post facto law, or law impairing the obligations of contracts shall ever be passed.", Article 1, Section 29 **"SECTION 29 CONSTITUTION MANDATORY.** The provisions of this Constitution are mandatory, unless by express words they are declared to be otherwise."

26. Plaintiff is informed and believe and thereon allege that Plaintiff is obliges and the Defendants public and private, are obligors as follows, inclusive of agents, employees, and officers of, to, for the State of California and the United States. In contemplation of faithful performance under written instrument with sureties, obligee herein accept;

      a.    That; the state of California and the United States, in all its guises, are artificial entities [persons] made up of words, expressed on paper, available for use by anyone who does business with the State of California or the United States and the State of California of the United States may have effect upon;

      b.    That; All agents of State of California and the United States, natural men, flesh and blood, pledge their personal oath, the bond, a security, to act exclusively within the written and known authorities of the State of California and the United States when they appear to operate under its color;

      c.    That: Any agent, actors all, acting without the explicit written words empowering the State of California or the United States, deny the State of California or the United States the ability, their absolute duty, to fulfill written obligations, to keep the promises as stated by written words,

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

beginning with its State of California Charter, its Constitution, and the United States Charter issued by the states, the United States Constitution;

d.   That; There is no defense or limitation, for acts outside the express statements in writings issued by the State of California or the United States for execution by their agents, bonded offer, for open, notorious, general, reliance and execution.

27.   All written statements issued by the State of California and the United States, their agents obligors, are offers to perform, admission of obligation now dully accepted for execution.

28.   Obligee, Fareed :Sepehry-Fard, has discovered that I have been involuntary Contributing Beneficiaries to the State of California and the United States as Federal corporations, through the alleged constructive entity, entitled FAREED SEPEHRY-FARD in the commercial for profit Federal corporations.  This new information has been obtained through due diligence from sources of integrity, the open, general, notorious, words issued by the State of California and the United States, and their instrumentalities.  The State of California and the United Stated promised obligations and duties for certified equity calls are guaranteed to be performed by all STATE OF CALIFORNIA and THE UNITED STATES agents attaching Plaintiff herein or attempting to do business with Fareed :Sepehry-Fard, the flesh and blood sentient being, through instrumentalities, through entity called and identified as FAREED SEPEHRY-FARD result in a trust being established under such acts and or omissions.  Those attaching Me, Fareed :Sepehry-Fard, operate as trustees with fiduciary obligations to the Res of that alleged trust.  My rights, liberties, held under name FAREED SEPEHRY-FARD, my private labor, are private equities, which have been taken as value, a fungible in and for the support of State of California and United States as Federal corporations in their operations by their agents, through their instrumentalities.  This taking is payment.  I, Fareed :Sepehry-Fard, now call due the reimbursement owed by the State of California and the United States as instrumentalities off and from the attachment of Me and others, due to prior contributions taken, voluntary under full disclosure or, without disclosure or consent.  With or without consent the fact is the value has been taken, accepted, used, which creates the

9

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

obligation on the acceptor to return the goods and services paid for in the form of performance, to wit: Thereby all actors, agents, employees, and officers of the SUPERIOR COURT OF CALIFORNIA IN AND FOR SANTA CLARA COUNTY and the UNITED STATES hold obligations under paid performance under this contract.

29.    Plaintiff on information and belief and thereon allege that obligee herein, above identified is grantor to all governmental powers held by the State of California and the United States of America and the Unites States, pursuant to Unanimous Declaration of the thirteen united states of America 1776, Articles of Confederation 1781, Northwest Ordinance under Confederated Authorities 1787 and the Constitution of United States, 1791.

30.    And, Plaintiff is informed and believe and thereon allege that the United States is the service corporation to the Confederated Union of States pursuant to Article VI of the United States Constitution as engaged construction of the States United by the Confederation under Article VI of the United States admission of states grantors construction under Constitution verified by Article VII.

31.    And, Plaintiff on information and belief and thereon allege that the Federal Rules of Court Procedure Rule 1 is an offer to contract for the providing of services in the nature of adjudication under the contract terms alleged above at 1 through 30 whereby Plaintiff accept the offer for securing the just, speedy, and inexpensive determination to this Civil Rights Violation Action, returning the requested Complaint with fees paid, perfection of contract.

32.    The allegations above inclusive have evidentiary support under open records and are likely to reach proof of fact qualifying as Mandatory Judicial Notice under Federal Rule of Evidence 201 and controlling of presumptions under Rule 301 of Evidence Rules.

IV.    **ALLEGATIONS II**

33.    Plaintiff is informed and believe, on first personal hand knowledge and thereon allege that the above declaration, paragraphs 1 through 32 establish full capacity and standing of Plaintiff to invoke the judicial and executive powers of the United States for the protection of my rights, property, and property rights. And, that any objections to said standings and

10

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

1    capacities will be noticed to me forthwith so I can respond. And, that without such notice and

2    objection, Plaintiff's capacities and standings are fully recognized nunc pro tunc.

3          34.     Thereby, Plaintiff require protection by federal actions enforcing the laws as

written while reporting wrongs of both the state and the federal constitutions and laws and rules

4    to this Court as Plaintiff and is now witness in this federal action (18 USC § 1512 et seq)

5

6        **V.**     **STATEMENT OF FACTS SUPPORTING CAUSES OF ACTION**

7

8          35.     Plaintiff has judgment by Defendants DSNB, Hunt, Dipiero and Sherrill's

9          acquiescence which are facts, jury was deprived of these facts by Defendant Arand:

*silence is your acquiescence, see Connally v. General Construction Co., 269 U.S. 385, 391.*

10    *Notification of legal responsibility is "the first essential of due process of law". Also, see*

11    *U.S. v. Tweel, 550 F. 2d.297. "Silence can only be equated with Fraud where there is a*

12    *legal or moral duty to speak or where an inquiry left unanswered would be intentionally*

13    *misleading.*

14          36.     Per Maxim's of Law, "An un rebutted Affidavit is truth in commerce" or "Truth

15    is expressed in the form of an affidavit

16          37.     Per California MAXIMS of jurisprudence, CCP sections 3516 " Acquiescence

in error takes away the right of objecting to it." Defendants and DOE Defendants have

17    acquiesced. [See Exhibits A & B]

18          38.     These judgments by Department Stores National Bank and Dipiero, Hunt and

19    Sherrill **are facts.** Plaintiff's **material facts and evidence were pondered** with by Defendant

20    Arand.

21          38.     In a kangaroo style court, Defendant Arand **did not allow Plaintiff's facts** to be

22    presented to jury, in a constitutionally compliant court, the jury should have been given the

opportunity to hear Defendants' rebuttal of **Plaintiff's judgment point for point**.

23          39.     Defendants could not have rebutted Plaintiff's judgment point for point since no

24    competent fact witness with the first hand knowledge of the controversy ever appeared in court,

25

11

26

27    **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

and that Defendants are a part of a very large international criminal syndicate for unlawful Ponzi scheme and money laundering activities.

40.     On the face of the record, it appeared that a debt collector, by the name of Brian Coles who claimed he works for a debt collector, **hired** another debt collector by the name of HUNT and HENRIQUES, these shysters were assisted by other shysters such as Arand at pre trial and post trial by Defendants Pierce, Lucas, Strowbridge, Santa Clara County Court, Baca and Doe Defendants to systematically deprive one of "We the People" from money and property. There is nothing on the face of the record as a damaged party, party of interest and holder in due course, there is no testimony anywhere in court files of a damaged party, party of interest and holder in due course. The sham trial was a complete denial of Plaintiff's constitutionally guaranteed right to due process and a fair trial.

41.     Defendant Arand repeatedly mentioned to jury to disregard any and all reference to Generally Accepted Accounting Principles (GAAP) [See Exhibit C], even when one of the juries who appeared to have suspected the collusion between Defendant Arand and Defendants Sherill, Defendant Dipiero and other Defendants. [See Exhibit D]

40.     It is common sense, Defendants can not be paid 100s of times over and over again [assuming a valid debt exits and it does not]. We are post TARP, post securitization, post Credit Default Swaps (CDS) [1], post cross collaritization and other insurance payouts to

---

[1] In 1995, JPMORGAN created the Credit Default Swap(CDS). Essentially, a CDS is a form of insurance intended to protect the buyer of the policy in case the (alleged) borrower defaults on the alleged loan. If the alleged borrower allegedly defaults, the buyer of CDS receives a large payout for the cash value of the defaulted alleged loan. The main difference between a traditional insurance policy and a CDS is that anyone can purchase a CDS, even those who have no direct "insurable interest" in the alleged lender. CDSs were instrumental during the bubble because once the banks ran out of creditworthy borrowers, they had to turn to creditworthy "subprime" borrowers. To avoid losses from default, the banks moved these risky debts off their books by bundling them into "securities" and selling them to investors. To induce investors to buy, these securities, the securities were then insured with credit default swaps. CDSs allowed investor to bet against the average American to default on their alleged debt with little risk. CDS insurance was especially attractive to investors who had knowledge of the securitization industry, since they knew the likelihood of default on those alleged debts was much higher. Notably, AIG insurance Company ("AIG"), an insurance carrier who owned a considerable market share of these CDS policies, was unable to make good on these policies after the bubble burst resulting in AIG seeking a government bailout. See Justin Fox, Why the Government Wouldn't Let AIG Fail?, TIME Business (September 16, 2008).

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

Defendants. This is a classic Ponzi scheme, **Plaintiff will not under any circumstances** participate in Defendants' unlawful Ponzi scheme and money laundering activities. It is unlawful, illegal and immoral.

40.     Defendant Arand did not allow Plaintiff's proof of Defendants' securitization and Plaintiff's GAAP demand from Defendants to be included as part of Plaintiff's evidence. [See Exhibit E]

41.     These judges have repeatedly violated Plaintiff's constitutionally guaranteed rights afforded to him by God.

42.     This constitutional violation of law by Honorable judge Arand is related to a wrongful debt collection case. The alleged Defendant Department Stores National Bank (DSNB) **which does not have any permit to operate in California** and has not registered with California Secretary of State to do business in California which also has no employees, claims [through their alleged hear say substitutes such as alleged attorneys for alleged Defendant] that the Plaintiff used a credit card to make purchases and that the Plaintiff has an unpaid balance that is allegedly owed to the Defendant.

43.     Plaintiff claims that the Defendant DSNB lacks standing to bring its claim because Plaintiff affirms that Defendant DSNB is a stranger to Plaintiff that has acquired no interest whatsoever to any of Plaintiff's obligations if there is any Plaintiff's obligation. Furthermore, Defendant Citibank and DSNB have securiterized Plaintiff's security and have got paid many times over and over again on an alleged debt that never existed to begin with.

44.     In doing so, Defendants Citibank and DSNB have harmed Plaintiff by pursuing an unsubstantiated debt, by calling and writing to Plaintiff on numerous occasions, by extorting money from Plaintiff under the color of law, by intimidating, harassing, stalking and violating Plaintiff's constitutionally guaranteed rights under God while reporting adverse credit reports to credit agencies impeding Plaintiff under the color of the law to do commerce, impeding

---

http://www.time.com/time/business/article/0,8599,1841699,00.html. Thus, in the end, it was the American taxpayer who bore the burden of these CDSs.

---

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

1  Plaintiff to enjoy his life, liberty, pursuit of happiness and his right to his private property and

2  assets. Defendants evidence of money laundering was withheld from jury by judge.

3      45.   Defendants DSNB and Citibank have refused to provide for proof of claim and

   are attempting to make a theft of Plaintiff's property under the "Color of Law". [See Exhibit A]

4      46.   Defendants have administratively defaulted on Plaintiff's repeated requests to

5  provide for "Proof of Claim" and are pursuing an unsubstantiated collection activity. [See

6  Exhibit A]

7      47.   In particular, DSNB has failed to demonstrate that DSNB is the party of interest,

8  is the damaged party, is the Holder of Due Course and that no tax benefits, no TARP, no credit

9  default swaps but not limited to these were obtained as the result of this alleged debt

   securitization or other Defendant DSNB unlawful monetization such as making false claims to

10  obtain TARP funds from tax payers.  [See Exhibit A]

11      48.   Furthermore, there is no indorsement on the alleged copy or original of the note

12  as there is no note that Defendant DSNB supplied to Plaintiff, [however, on last minute basis,

13  alleged attorneys for alleged Defendant DSNB [Sherrill and Dipiero] managed to falsify

14  Plaintiff's signature on a copy of a promissory note and presented that as part of the evidence

15  into the court files even though alleged attorneys for alleged Defendant DSNB had specifically

    indicated to Plaintiff and to the county court that they don't have any contract, therefore the

16  valid chain of title assignment has been broken per the trust's Pooling and Servicing Agreement

17

18

19

20

21

22

23

24

25

26

27  **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

1 (PSA) [2]. [See Exhibit F] As recited in the pooling and servicing agreement :[ *"The*

2 *receivables constitute "accounts" as defined in **Uniform Commercial Code** in effect in state of*

3 *South Dakota"*].

    49.    The jury, however, suspected collusion and conspiracy between the judge and

4 the alleged attorneys for alleged Plaintiff. [Exhibit C]  Jury asked "*Do we need to strike GAAP*

5 *from memory"*?  Another jury asked " *When acct is charged off and sent to collection, does*

6

7

8

9

10

11

12  [2] *"U.C.C. - ARTICLE 3 - NEGOTIABLE INSTRUMENTS*

13  *..PART 2. NEGOTIATION, TRANSFER, AND INDORSEMENT*

14

15  § 3204. INDORSEMENT.

16  (a) **"Indorsement"** means a **signature**, other than that of a signer as <u>maker</u>, <u>drawer</u>, or <u>acceptor</u>, that

17  alone or accompanied by other words is made on an <u>instrument</u> for the purpose of (i) negotiating the
    instrument, (ii) restricting payment of the instrument, or (iii) incurring <u>indorser's</u> liability on the

18  instrument, but regardless of the intent of the signer, a signature and its accompanying words is an
    indorsement unless the accompanying words, terms of the instrument, place of the signature, or other

19  circumstances unambiguously indicate that the signature was made for a purpose other than indorsement.
    For the purpose of determining whether a signature is made on an instrument, a paper affixed to the

20  instrument is a part of the instrument.
    (b) **"Indorser"** means a person who makes an <u>indorsement</u>.

21  (c) For the purpose of determining whether the transferee of an <u>instrument</u> is a holder, an indorsement
    that transfers a security interest in the instrument is effective as an unqualified indorsement of the

22  instrument.
    (d) If an <u>instrument</u> is payable to a holder under a name that is not the name of the holder, indorsement

23  may be made by the holder in the name stated in the instrument or in the holder's name or both, but
    signature in both names may be required by a person paying or taking the instrument for value or

24  collection." Source California Universal Commercial Codes http://www.leginfo.ca.gov/cgi-
    bin/displaycode?section=com&group=03001-04000&file=3201-3207

25                                                    15

26  _____

27  **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR
    MONETARY AWARD**

1   *Department Stores National suffer financial loss because agreement w/collection agency* [3]

2   *entitles collection agency to 50% of recovered amount, if any...?"* [Exhibit C]   However, judge

3   Arand specifically told jury to disregard Appellant's comments.  It is Plaintiff's legal right to

4   due process and redress of grievances under the 1st Amendment.

5         50.      Again, the judge violated Plaintiff's due process and appeared bias in which the

6   judge should have recused herself or be disqualified. The judge did not recuse herself, therefore

7   the court became constitutionally defective and the order issued is void on its face and has no

8   force or effect.

9         51.      This case must be adjudicated by a constitutionally compliant court as a matter

10  of law due to the violations of law that Plaintiff has been exposed to by the lower court judge

11  and her accessory [Judge Lucas et al].

12        52.      This alone and by itself is subject to a void judgment and Plaintiff should get it

13  due to the lack of facts, testimony, a real Defendant [DSNB], etc.  The record has not met the

14  thresholds of subject matter jurisdiction from the beginning. The case never got out of the gate.

15  Defendant DSNB furthermore failed to show GAAP accounting and accounting general ledger

16  showing the debit and credit against this alleged debt as required by law.

17        53.      Therefore, Plaintiff does not owe Defendant DSNB any money and it is

18  Defendants collectively who owe money to Plaintiff and that Plaintiff has a recoupment claim

19  pursuant to California UCC 3305 and UCC 3306 or UCC 9404(a)(1) plus punitive and

20  psychological damages due and payable to Plaintiff in an amount to be determined by an un

---

22  [3] California Business and Professions Code  Section 6129 provides: "Every attorney who, either directly or

23  indirectly, buys or is interested in buying any evidence of debt or thing in action, with intent to bring suit thereon,
    is guilty of a misdemeanor. Any violation of the provisions of this section is punishable by imprisonment in the

24  county jail not exceeding six months, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by
    both.

25                                                      16

26  ─────────────────────────────────────────────────

27  **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR
    MONETARY AWARD**

1  pondered with jury during a jury trial. However, Defendants got the judge to help them

2  violate Plaintiff's due process rights.

3      54.    Under the Constitution and due process there must be a real Plaintiff and proof

4  by witness (affidavit or testimony) to be brought against One of the People and heard in a trial

5  by jury under 5th and 14th Amendments. A corporation is a legal entity and Plaintiff is a man

6  of the Republic of California. legal fictions are created by humans to serve humans not rise

7  above us. The corporation is not guaranteed the Bill of Rights. God created man, man creates

8  corporations, etc...

9      55.    This is a simple case wrapped up in a complex background of financing and

10  securitization with the direct impact on US constitution and its applicable laws. Once this

11  background is understood, however, the evidence will show a straight forward story. Alleged

12  Defendant DEPARTMENT STORES NATIONAL BANK lied [with the assistance of judge

13  Arand et al]. Its lies were effective. Its lies allowed to obtain unsubstantiated sums of money

14  from Plaintiff under the "COLOR OF LAW" and deprived Plaintiff from his constitutionally

15  guaranteed right under the BILL OF RIGHTS and the SUPREME LAW OF THE LAND.

16      56.    Honorable judge Arand admitted [by her unlawful actions] that she is there to

17  avoid the law, strike evidence and tamper with juries to avoid a bank collapse. Fraud is fraud

   and this system unfortunately is based on fraud.

18      57.    Honorable judge Arand was very biased, she did not allow Plaintiff to put

19  forward his numerous evidence before jury. Honorable judge Arand specifically stated that she

   can not allow Plaintiff [and the jury] not to pay our credit card bills.

20      58.    Plaintiff swears under the penalty of perjury that judge Arand said this unlawful

21  statement which is why judge Arand must have recused herself but she did not. However, it is

22  not going to be surprising to Plaintiff that this unlawful and bias words of Defendant Arand

23  does not appear in reporter's court transcripts, Plaintiff is aware that some judges *comb* through

24  reporter's transcripts prior to their release to Plaintiff [Due to costs reasons, Plaintiff has not

25

26

27  **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR
   MONETARY AWARD**

requested the reporter's transcripts for all hearings but Plaintiff has requested Plaintiff's Motion to Vacate Void judgment court transcripts. [See Exhibit D]

59.     During Plaintiff's motion to vacate void judgment, when Plaintiff indicated to judge that the alleged attorney needs to go back to law school to understand the difference between full jurisdiction and partial jurisdiction.  Judge Arand replied that the attorney is well aware of full jurisdiction, therefore judge Arand defended counsel and argued for him, therefore she took sides, she appeared biased, she must have recused herself, judge Arand did not,  therefore judge Arand rendered the court constitutionally defective.  However, this unlawful bias words from Defendant Arand does not appear in Plaintiff's reporter's transcripts which is surprising. [See Exhibit D]

60.     Therefore, the judgment designed and orchestrated by Defendants is void on its face, has no force and effect, people attempting to enforce it are tress passers and Plaintiff reserve the right to file criminal charges against them and their co conspirators as a private attorney general.  "It is the manner of enforcement which gives Title 42 1983 its unique importance, for *__enforcement is placed in the hands of the people__*. Each citizen acts as **a private attorney general** who 'takes on the mantel of the sovereign,'" guarding for all of us the individual liberties enunciated in the Constitution" (**Frankenhauser v. Rizzo,** **59 F.R.D**. (1973).

61.     Plaintiff had previously on a number of occasions declared judge Lucas disqualified with cause pursuant to 170.3(c)(5) on other cases due to  judge Lucas' [and judge Arand's] disturbing bias and pattern of protection of alleged attorneys and ghost pretender lenders .

62.     There seems to be a disturbing pattern of protection for the legal fiction corporation and its alleged spokespersons, the attorneys, by these so called judges without any known basis in the law. **The setting aside of constitutional rights, fundamental elements such as jurisdictional requirements and maxims of law would, by definition, be the complete breakdown of justice, judicial system and our way of life as we know it.**

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

**A.** **Memorandum Of Law In Support of Plaintiff's Legal Right to Demand Defendants' to Provide For GAAP Accounting And Accounting General Ledger**

63.     All these evidence and many more were withheld from the jury by honorable judge Arand. Judge Arand indicated to Plaintiff that Plaintiff line of questioning for Generally Accepted Accounting Principles (GAAP) and account general ledger were improper and on repeated basis did not allow Plaintiff to bring this to the attention of the jury. (Exhibit D)

64.     The cause of action for accounting is related to the declaratory relief sought.  To establish a cause of action for accounting all needs to be shown is that there is a relationship between the parties that requires accounting.  Teselle v. McLoughlin (2009) 173 Cal.App.4th 156, 179. No fiduciary relationship is required for demand of an accounting, and the duty may arise out of a relationship where one party demands money or property, which because of the relationship between the parties, one is obliged to surrender to the other.   The cause of action serves a unique purpose in that it serves a discovery function, invoked for determining how much money, if any, a party in entitled.

65.     Plaintiff's Cross Complaint alleges [which the lower court judge did not allow Plaintiff to put forward to the jury, unlawfully]  the existence of a relationship between the parties based on Defendant DSNB demand for an amount of money that, assuming the existence of a valid promissory note, Plaintiff would be obliged to surrender.   However, as stated above, Plaintiff disputes that Plaintiff owes any money to DSNB and it is DSNB and Citibank that owe money to Plaintiff.   Due to the complexity involved in determining the amounts that may have already been paid towards this alleged debt, or intended to offset this alleged debt, or otherwise received by Defendants DSNB and Citibank in satisfaction of this alleged debt obligation, an accounting is required and the cause of action for accounting was therefore appropriate.

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

77.     Lucas, went ahead, and in total defiance of our Constitution and the Bill of Rights [not to mention in total defiance of even Admiralty law] Strike Plaintiff's right of substitution with cause pursuant to 170.3(c)(5).

78.     Plaintiff objected to Lucas' unilateral assumption of jurisdiction for obvious reasons that Lucas can not pass on her disqualification on her own, which is in court files and Plaintiff served Lucas' disqualification with cause to everyone including judicial performance review, the alleged attorneys and the presiding judge Brian C. Walsh and several other parties which are in court files.


79.     On June 11, 2013, Defendant Pierce issued a tentative order which is not on court files but Plaintiff became aware of Pierce's tentative order by calling court services , when Cross Complainant [Plaintiff in this case] called court services, Plaintiff was told that the tentative ORDER for Plaintiff's motion to dismiss and recoupment claim reads as "Denied".

80.     Cross Complainant next day appeared in court and noticed that Pierce's schedule only starts at 10 am even though Cross Complainant saw Pierce walking right in front of court room number 9 in Santa Clara county court at about 8:30 am same day, Plaintiff then handed over Pierce's substitution with cause pursuant to 170.3 (c)(5) to Pierce's deputy and went to court room 19 before judge Manoukian since Cross Complainant's motion to dismiss and recoupment claim had been transferred to department 19 before judge Manoukian.

81.     When Cross Complainant's case was called, Cross Complainant respectfully requested that judge Manoukian allow Plaintiff to audio record the hearing and judge Manoukian allowed Plaintiff or Cross Complainant to audio record the hearing and Cross Complainant did record the hearing and has the audio record in his possession.

82.     Cross Complainant pointed to some of the judicial notices that Cross Complainant made a record of those in court files to judge Manoukian and then respectfully asked the judge "if an affidavit of truth  when not rebutted point for point is truth in commerce?"  judge Manoukian replied that it is but he can not take it as a judicial notice **because it is a fact.**   Plaintiff then gave a copy of Pierce's disqualification with cause to judge Manoukian.   **PEOPLE ARE SUFFERING IN OUR COUNTRY AS A DIRECT RESULT**

------------------------------------------------

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

**OF THESE SO CALLED JUDGES DUE TO THEIR UNLAWFUL ACTS AND COLLUSION WITH OTHER DEBT COLLECTORS.**

83.    **Same day that Cross Complainant** (Plaintiff in this case) handed over Cross Complainant's substitution with cause to Defendant Pierce by giving a copy to Pierce's deputy which was June 11, 2013,  knowing their conspiracy to deny one of "We the People" rights have been caught by Plaintiff by his demand to Defendant Baca and a claim on the bond and liability insurance of Defendants in violating even the basics in admiralty law [which Plaintiff does not consent to]. It appears that Pierce contacted Defendants Dipiero and Hunt to file [without contacting Plaintiff in this case to make sure that the time and day is convenient for Plaintiff] a NOTICE OF HEARING ON CLAIM OF EXEMPTION. [Exhibit O], **NOTICE TO DEFENDANTS THAT ALL TEXT MESSAGES, EMAILS, PHONE CALLS AND ANY AND ALL COMMUNICATIONS WITHOUT ANY LIMITATION WITH PIERCE, ARAND, LUCAS AND OTHER DEFENDANTS ARE SUBJECT TO DISCOVERY AND THEY MUST PRESERVE ALL RECORDS AS A MATTER OF LAW. Preservation of records and evidence requires immediate intervention, Preservation of evidence requires action, Defendants must guard against deletion of evidence, Defendants are obligated to provide for system sequestration or forensic sound imaging, Failure to use such methods imposes a significant threat of spoliation, data loss and evidence and is punishable under the law.**

84.    In this Defendants' NOTICE OF HEARING ON CLAIM OF EXEMPTION in relevant part, Hunt and Dipiero cite " Claimant is not merely paying his non-judgment contracts before **his superior obligation**; he is paying his non-judgment contracts and amassing wealth at the expense of **his judgment creditor**".

85.    According to Plaintiff's research every court employee at any and all levels participates in a benefit system that is **minimum** 60% invested in mortgage and asset backed

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

1   securities, other bank and financial products tied to mortgage and asset backed securities. [Ref:

2   http://www.calpers.ca.gov/eip-docs/about/pubs/member/calpers-reports/annual-

3   investment/annual-investment-report-2010.pdf] which confirm judges' bias and Santa Clara

    court's clear conflict of interest.  **IN OTHER WORDS, THERE IS NO DIFFERENCE**

4   **BETWEEN COLES[the robo witness of debt collector], SANTA CLARA COUNTY**

5   **COURT JUDGES, SANTA CLARA COUNTY COURT, DIPIERO, HUNT, SHERRILL**

6   **AND OTHER DEFENDANTS.  They are all debt collectors and part of the same**

7   **conspiracy therefore the judgment is void  on its face [it is not voidable, it is void, pure**

8   **and simple] and was obtained by fraud on court. [5] Plaintiff will file criminal charges**

9   **against all Defendants and Doe Defendants if this lawlessness persists as a private**

10  **attorney general [FAIR WARNING AND NOT A THREAT].**

11       86.      Plaintiff as one of "We the People" have been providentially provided legal

12  recourse to address the criminal conduct of persons themselves entrusted to dispense justice. In

13  the Supreme Court case of United States v. Williams, 112 S.Ct. 1735, 504 U.S. 36, 118 L.Ed.2d

14  352 (1992), Justice Antonin Scalia, writing for the majority, confirmed that the **American**

15

16  [5] <u>**Memorandum of Law in Support of Application of Rule 60 To This Case**</u>

17

18  **RULE 60. RELIEF FROM A JUDGMENT OR ORDER**

19       "(a) .... The court **may do so on motion or on its own**, **with or without notice**. But after
    an appeal has been docketed in the appellate court and while it is pending, such a **mistake**

20  **may be corrected only with the appellate court's leave...............**

21       (3) **fraud** (whether previously called intrinsic or extrinsic), **misrepresentation, or**

22  **misconduct by an opposing party;**

23       (4) **the judgment is void;.....**

24       (6) **any other reason that justifies relief."**

25                                                    26

26

27  **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR**
    **MONETARY AWARD**

1   grand jury is **neither part of the judicial, executive nor legislative branches of**

2   **government**, but instead belongs to the people. **It is in effect a fourth branch of government**

3   **"governed" and administered to directly by and on behalf of the American people**, and **its**

4   **authority emanates from the Bill of Rights.** Thus, citizens have the unbridled right to

    empanel their own grand juries and present "True Bills" of indictment to a court, which is then

5   required to commence a criminal proceeding. Our Founding Fathers presciently thereby created

6   a "buffer" the people may rely upon for justice, when public officials, including judges,

7   criminally violate the law. **112 S.Ct. 1735 504 U.S. 36 118 L.Ed.2d 352 UNITED STATES,**

8   **Petitioner v. John H. WILLIAMS, Jr. No. 90-1972.**

9                                   **Mandatory Judicial Notice**

10

11          87.      Department Store National Bank is a subset of the debt collection racket, a wide-

12   spread, far-reaching scam of artists such as HUNT & HENRIQUES. How the scam works: In a

    back room of the Chicago Board of Trade, worthless bundles of commercial paper in the form

13   of copies of charged off debt are sold at auction. The typical face value of the bundles often

14   amounts to tens of millions of dollars. The alleged creditors are often not harmed because they

15   often have hypothecated the alleged loan and have risked nothing. Actors line up from such

16   artists as HUNT & HENRIQUES then break apart the bundles and resell the worthless

17   commercial paper in clusters based on the original alleged credit and geographic location.

18   HUNT & HENRIQUES are the actual holders [6,7] in due course although typically in the scam,

19

    _____

20   [6] California Business and Professions Code Section 6129 provides: "Every attorney who, either directly or

21   indirectly, buys or is interested in buying any evidence of debt or thing in action, with intent to bring suit thereon,
     is guilty of a misdemeanor. Any violation of the provisions of this section is punishable by imprisonment in the

22   county jail not exceeding six months, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by
     both.

23

24   [7] Even if California Business and Professions Code Section 6129 did not apply [and it does], being
     holder of a negotiable or non negotiable instrument by itself does not entitle defendants to any

25   legal rights to collect on an alleged debt otherwise any FEDEX courier employee or a mail man

                                                         27

26   _____

27   **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR**
     **MONETARY AWARD**

1  artists such as HUNT & HENRIQUES invest as little as 75 cents on the hundred face for the

2  worthless commercial paper, then allege they are third party debt collectors attempting to

3  collect for the original maker of the loan. This racket is particularly heinous in the case of credit

4  card contracts, which as a continuing series of offers to contract, are non-transferable. The

5  scam is complete when artists such as HUNT & HENRIQUES with the cooperation of some

6  local judges such as Defendants Pierce, Lucas and Arand defraud parties such as Plaintiff. This

7  scam is widespread, far-reaching and the main racket of the private business organizations to

   which artists such as HUNT & HENRIQUES belong.  For other examples of this racket, see
8
   Discover Bank v Linda Peters, court of appeals, Ohio, Fifth Appellate District, Case No 2010
9
   CA00309; Discover Bank v Parisi, index no. 25361/10, decision dated June 21, 2012 (Dist Ct
10
   Nassau Co.); Discover Bank v. Kivita, index no. 15445/10, decision dated March 29, 2011
11
   (Dist Ct Nassau Co.); Discover Bank v. Peters, 2011-Ohio-3480 (Case No. 2010CAC0309,

12  July 11th 2011), Chase Bank USA, v. Gergis, June 15, 2011, CV-83761-10/KI

13  88.    "Jurisdiction can be challenged at any time" and " Jurisdiction, once challenged,

14  can not be assumed and must be decided." Basso v. Utah Power and & Light Co. 495 F 2d 906,

15  910.

16  89.    See, also:  Cooper v. Aaron, 358 U.S. 1, 78 S. Ct. 1401 (1958), in which the

17  U.S. Supreme Court stated that "no state legislator or executive or judicial officer can war

18  against the Constitution without violating his undertaking to support it". See also In Re Sawyer,

19  124 U.S. 200 (188); U.S. v. Will, 449 U.S. 200, 216, 101 S. Ct. 471, 66 L. Ed. 2d 392, 406

    (1980); Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 404, 5 L. Ed 257 (1821).
20

21

22

23

24
    _____
25  could claim that they are holders and therefore are entitled to collect money which is patently
    ridiculous and not cognizable under any legal theory.
                                          28
26  _____

27  **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR
    MONETARY AWARD**

90. **FURTHER NOTICED, FAIR WARNING, NOT AS A THREAT, NOTICE,** pursuant to *United States v. Lanier* on certiorari No. 95-1717, is hereby given each member and all officers of the Court. In addition, see: *Scheuer v. Rhodes*, 416

U.S. 232, 94 S. Ct. 1683, 1687 (1974) in which the Supreme Court stated that,

> when a state officer acts under a state law in a manner violative of the Federal Constitution, he comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States.

## 1ST CAUSE OF ACTION – DECLATORY RELIEF: NEGLIGENCE
### [Against Defendants and Doe Defendants]

91. The allegations in paragraphs 1 through 90 of this complaint are realleged and incorporated herein by this reference.

92. The actions of the Defendants, in causing the improper demands for payment to Plaintiff, constitute a gross violation of the automatic stay when Defendants had acquiesced to judgment for Plaintiff.

93. As a direct and proximate result of the negligence and carelessness of the Defendants as set forth above, Plaintiff suffered, and continues to suffer, general and special damages in an amount to be determined at jury trial.

29

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

## 2nd CAUSE OF ACTION – FEDERAL TELEPHONE CONSUMER

## PROTECTION ACT

### [Against Defendant and Doe Defendants]

94.     The allegations in paragraphs 1 through 93 of this complaint are realleged and incorporated herein by this reference.

95.     The Defendant is in willful violation of the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.

96.     47 U.S.C. § 227(b)(1)(B) prohibits Defendant from initiating a telephone call to Plaintiff's residential telephone line "using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." Defendants willfully violated the Act by placing 14 such calls per week to Plaintiff's residential telephone number.

97.     Pursuant to 47 U.S.C. § 227(b)(1)(A)(iii), it is unlawful for any person "to make any call using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service...." Defendants willfully violated the Act by placing 14 such calls per week to Plaintiff phone number.

98.     Furthermore, the automated telephone calls from Defendants did not automatically release the Plaintiff's line "within 5 seconds of the time notification is transmitted to the system that the called party has hung up, to allow the called party's line to be used to make or receive other calls." 47 U.S.C. § 227(d)(3)(B).

99.     The actions and conduct of the Defendants were and are in willful violation of 47 U.S.C . § 227 et seq., and Defendants are liable for damages in the amount of $500.00 for each violation, and because Defendants willfully and knowingly violated the FTCPA, such damages

30

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

may be increased to an amount equal to not more than three times the amount awarded , plus legal fees and expenses.

100.    As a direct and proximate result of the negligence and carelessness of the Defendants as set forth above, Plaintiff suffered, and continues to suffer, general and special damages in an amount to be determined at jury trial.

## 3rd CAUSE OF ACTION – VIOLATION OF BUSINESS AND PROF. CODE SECTION 17200, ET SEQ
### [Against  Defendant and Doe Defendants]

101.    The allegations in paragraphs 1 through 100 of this complaint are realleged and incorporated herein by this reference.

102.    Cal. Bus and Prof. Code section 17200, et seq., prohibits acts of unfair competition, which means and includes any unlawful, unfair or fraudulent business act and conduct which is likely to deceive and is fraudulent in nature

103.    As more fully described above, Defendants' acts and practices are unlawful, unfair, and fraudulent.  This conduct is ongoing and continues to this date.

104.    Defendants engage in unfair, unlawful [8], and fraudulent business practices with respect to representing themselves as legitimate and bon fide debt collectors when Defendants have acquiesced that there was not and is not any debt owed by Plaintiff to Defendants and DOE Defendants.

---

[8] "Unlawful" acts or practices are those forbidden by law, be it civil or criminal , federal, state, or municipal, statutory, or court-made. *Saunders v. Superior Court*, 27 Cal.4[th] 832 (1994); *Hewlett v. Squaw Valley*, 54 Cal. 4th 499 (1997).

31

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

105.   As more fully described above, Defendants' acts and practices are likely to deceive members of public.

106.   As more fully described above, Defendants' acts and practices are unfair and the harm caused by the conduct outweighs any benefits that the conduct may have.

107.   Plaintiff alleged that by engaging in the above described acts and/or practices as alleged herein, Defendants violate several laws including Ca. Bus. and Prof. Code section 17200, et seq. and must be required to disgorge all profits related to their unfair, unlawful, and deceptive business practices in an amount to be determined during jury trial through actual accounting.

108.   Plaintiff alleges that Defendant's  misconduct, as alleged herein, gave Defendants an unfair competitive advantage over their competitors.  The scheme implemented by Defendants is designed to defraud California consumers and enrich the Defendants.

109.   The foregoing acts and practices have caused substantial harm, to California consumers, including Plaintiff.

110.   By reason of the foregoing, Defendants have been unjustly enriched and should be required to make restitution to Plaintiff and, and/or be enjoined from continuing in such practices pursuant to Cal. Bus. And Prof. Code sections 17203 and 17204.

111.   As a direct and proximate result of the Defendants' violation of Bus and Professional code as set forth above, Plaintiff suffered, and continues to suffer, general and special damages in an amount to be determined at jury trial.

## 4th CAUSE OF ACTION – FAIR DEBT COLLECTION PRACTICES ACT
### [Against All Defendants and Doe Defendants]

32

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

1    112.    The allegations in paragraphs 1 through 111 of this complaint are realleged and

2    incorporated herein by this reference.

3    113.    The Defendants violated the FDCPA. Defendant's violations include but are not

4    limited to engaging in any conduct the natural consequences of which is to harass, oppress, or

5    abuse any person in connection with the collection of a debt, 15 U.S.C. Section 1692d.

6    114.    As a result of the above violations of the FDCPA, the Defendants are liable to the

7    Plaintiffs for actual damages, statutory damages and legal fees.

## 5th CAUSE OF ACTION – RECOUPMENT
## [Against Defendant and Doe Defendants]

11   115.    The allegations in paragraphs 1 through 114 of this complaint are realleged and

12   incorporated herein by this reference.

13   116.    Plaintiff unwittingly gave Defendants the instrument or the capital for the

14   investor's money, and the pay-forward was done by the investors before there was ever an

15   alleged loan in place.

16   117.    That gives Plaintiff a proprietary interest in the instrument as Plaintiff own the

17   securities from this pooling and servicing agreement and from the trust fund. Plaintiff has a

18   proprietary interest in the proceeds from the security, which is why the disclaimer is in CFR

19   433.2, establishing the fact that Defendants cannot be a holder, because a holder can only take

20   it free of all defenses and claims. Defendants are not and cannot be holder in due course under

21   UCC 3305 – Defenses and Claims in Recoupment." Under UCC 3305(c) an obligor is not

22   obliged to pay the instrument if the person seeking the enforcement of the instrument does not

23   have the rights of a holder in due course. Among the claims and defenses that Plaintiff has are

24   as follows; first defense, under UCC 3305, Plaintiff has a claim in recoupment. Plaintiff's

25   second claim or defense is UCC 3306, which says Plaintiff has a property or possessory right in

33

26

27   **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

the instrument or its proceeds and has the right to rescind the negotiation of the transaction and recover the instrument or its proceeds. (Negotiation means the endorsement of the note.) Plaintiff has a claim in recoupment and a claim under UCC 3306 to the proceeds and a right to rescind the negotiation. In addition, Plaintiff has a possessory right in the instrument or the proceeds of the investment contract. Since Defendants are holding Plaintiff liable to a contract where Plaintiff was an undisclosed third party which was not subscribed to or memorialized by the Plaintiff, then Plaintiff has a right to the proceeds from the transaction. Defendants have no standing to claim damages as it does not own the security, Plaintiff does. Counterclaimant is therefore entitled to the following: 3X the monies paid to Defendant plus 3X the amount of fraud which is the standard for damages due to fraud.

**OR**

**RECOUPMENT**

118.    Plaintiff unwittingly gave Defendant the instrument or the capital for the investor's money, and the pay-forward was done by the investors before there was ever an alleged loan in place.

119.    That gives Plaintiff a proprietary interest in the instrument as Plaintiff own the securities from this pooling and servicing agreement and from the trust fund. Plaintiff has a proprietary interest in the proceeds from the security, which is why the disclaimer is in CFR 433.2, establishing the fact that Defendants cannot be a holder, because a holder can only take it free of all defenses and claims. Plaintiff has an existing recoupment claim pursuant to UCC § 9-404(a) - Offset rights and defenses.

(c) Offset rights and defenses – UCC § 9-404(a)

(1) Recoupment never cut off – UCC § 9-404(a)(1) (". . . Unless an account debtor has made an enforceable agreement not to assert defenses or claims, . . . the rights of an assignee are subject to: (1) all terms of the agreement between the account debtor and assignor and any defense or claim in recoupment arising from the transaction that gave rise to the contract.")

34

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

## 6th CAUSE OF ACTION – FAILURE TO PREVENT

### [Against Defendant and Doe Defendants]

120.    The allegations in paragraphs 1 through 119 of this complaint are realleged and incorporated herein by this reference.

121.    Plaintiff is seeking protection of federal law 42 USC § 1986. The allegations herein show Defendants are in direct violation of applying known facts and law under specific ethics. Defendants have no right to know of a wrong, to act in conspiracy, while having power to prevent the wrong without being held accountable.

122.    Plaintiff's right to be heard to present all the fact and law beneficial to property, asset rights and property and asset interest has been neglected with resulting damage that is about to accrue through loss of Plaintiff's assets on contested void judgment is good cause for this action.

123.    Defendants have no legal right to conspire among themselves and with others to bar all the facts and law known to them from being applied in actions to which they are a party.

124.    Plaintiff has the right to hold those acting under the color of official right accountable for damages as stated herein. As a direct and proximate result of the Defendants' failure to prevent as set forth above, Plaintiff suffered, and continues to suffer, general and special damages in an amount to be determined at jury trial.

## 7th CAUSE OF ACTION – CONSPIRACY

### [Against Defendant and Doe Defendants]

125.    The allegations in paragraphs 1 through 124 of this complaint are realleged and incorporated herein by this reference.

126.    Plaintiff apply 42 USC § 1985 the right to equal protection under the laws of both California and the United States.

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

127. Defendants, each being of competent at law, professionals at law, public offices of law, public officers of court, know that when two or more act to prevent Plaintiff from obtaining even the smallest amount of equal access to the equal protections of the law, a conspiracy in violation of law is completed.

128. Defendants violated public policy, the letter and spirit of law of equal access and protection of the law or legal process when each knew that parties to action in front of them were providing value to their retirement and benefit system. The conspiracy is perfected because Plaintiff did not receive notice from Defendants that the appearance, the possibility of conflict of interest, was present.

129. As a direct and proximate result of Defendants' conspiracy as set forth above, Plaintiff suffered, and continues to suffer, general and special damages in an amount to be determined at jury trial.

## 8th CAUSE OF ACTION – CONTRACT RIGHTS
### [Against Defendant and Doe Defendants]

130. The allegations in paragraphs 1 through 129 of this complaint are realleged and incorporated herein by this reference.

131. Plaintiff discovered fraud in BANK/FINANCE transactions and made the moral and legal choice to protect himself from moral hazard and legal consequence for being associated with a fraud or transaction covered by Badges of Fraud. Plaintiff, under the contract and the law at the time of the alleged contract, CANCELLED all legal obligations that could be claimed under the alleged contract.

132. Title 42 USC § 1981, definitive, part of the rights protected under federal law as termination of contracts, Defendants' acts and omission shows intend and action by failure to recognize Plaintiff's right as grantor, to, sole signatories to alleged contract, agreements, obligations to cancel contracts, agreements, and obligations on good cause of fraud and to rely on state law to do so. Section 1981 also protects impairment of Plaintiff's contract rights from

36

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

1    impairment by non-government discrimination or impairment under color of state law from the

2    date of the original alleged contract.

3    133.    Plaintiff allege that attempted theft of property, assets , is in process by

4    Defendants inclusive through the color of law or legal process when each Defendant knows that

     Plaintiff is entitled to due process of law, absence of collusion and Defendants' pondering with

5    evidence and jury according to original jurisdiction of State of California Superior Courts, the

6    laws of United States and its Amendments to the United States Constitution.

7    134.    As a direct and proximate result of Defendants' violation of Plaintiff's contract

8    laws as set forth above, Plaintiff suffered, and continues to suffer, general and special damages

9    in an amount to be determined at jury trial.

10

11

12

13

14                    **9th CAUSE OF ACTION – VIOLATION OF 42 USC § 1983**

15                         **[Against Defendant and Doe Defendants]**

16   135.    The allegations in paragraphs 1 through 134 of this complaint are realleged and

     incorporated herein by this reference.

17   136.    The liability of Defendants under 42 USC § 1983 is subject matter of this action.

18

19                    **10th CAUSE OF ACTION – VIOLATION OF 42 USC § 1961**

20                         **[Against Defendant and Doe Defendants]**

21   137.    The allegations in paragraphs 1 through 136 of this complaint are realleged and

22   incorporated herein by this reference.

23   138.    Defendants are part of a racketeering activity, Defendant Arand obstructed

     justice and by forcibly not allowing Plaintiff to show Plaintiff's judgment by Defendants'

24   [DSNB, Sherrill, Hunt, Dipiero] Acquiescence which are facts on record to jury.  Defendants

25   Arand, Lucas and Pierce have interfered with commerce and have attempted to make Plaintiff's

                                                    37

26   ────────────────────────────────────────────────────────────

27   **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR
     MONETARY AWARD**

appeal difficult and unattainable by contacting and working in collaboration with Defendants' HUNT, DIPIERO, SHERIILL, BACA, STROWBRIDGE and SANTA CLARA COUNTY COURT to coerce Plaintiff in submission and wear out Plaintiff from prosecuting and seeking Plaintiff's constitutionally guaranteed legal rights by their unlawful participation in levying Plaintiff's bank account, by denying Plaintiff's request to waive court fees, by ordering the limited appeal's court clerk not to accept Plaintiff's appeal papers [at least one time], by ordering and applying the monthly payments of court of appeal payments that Plaintiff had agreed to pay, and unlawfully applying those payments to the cost of transcripts when Plaintiff did not order the trial transcripts due to the high costs of those transcript but Defendants DIPEIRO and SHERRILL ordered those [as another tactic to stonewall Plaintiff to seek his legal rights] and numerous other Defendants' attempts to stonewall and railroad Plaintiff and to discourage Plaintiff from seeking his due process rights.

139. As a direct and proximate result of Defendants' racketeer influenced and corrupt organization acts (RICO) as set forth above, Plaintiff suffered, and continues to suffer, general and special damages in an amount to be determined at jury trial.

## 11th CAUSE OF ACTION – VIOLATION OF 42 USC § 1963
### [Against Defendant and Doe Defendants]

140. The allegations in paragraphs 1 through 139 of this complaint are realleged and incorporated herein by this reference.

141. Defendants through a pattern or racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, interest in or control or the activities of which affect, interstate or foreign commerce.

142. Defendants conducted or participated, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

143.     As a direct and proximate result of Defendants' unlawful acts as set forth above, Plaintiff suffered, and continues to suffer, general and special damages in an amount to be determined at jury trial.

## 12th CAUSE OF ACTION – QUASI CONTRACT
### [Against All Defendants and Doe Defendants]

144.     Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

145.     Defendants DSNB and Citibank knowingly accepted payments and retained them for their own use knowing that Defendants DSNB and Citibank did not acquire an interest in Plaintiff's Note, such that they could accept or keep Plaintiff's payments.  It would be inequitable for Defendants DSNB and Citibank to retain the payments they received from Plaintiff which they did not have the legal authority to collect.  The equitable remedy of restitution when unjust enrichment has occurred is an obligation created without regard to the intention of the parties, and is designed to restore the aggrieved party to their former position by return of the thing or its equivalent in money.

146.     Plaintiff seeks restitution for any payments he  made to DSNB and Citibank that were not paid to the beneficiary (if there is any beneficiary).

## 13th CAUSE OF ACTION – ACCOUNTING
### [Against All Defendants and Doe Defendants]

147.     Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

148.     DSNB as alleged owner of the alleged debt, Citibank as alleged  trustee, HUNT & HENRIQUES as alleged debt collectors, STROWBRIFGE as alleged process server, BACA as alleged Sheriff, LUCAS, ARAND and PIERCE as alleged judges, SANTA CLARA COUNTY COURT as alleged investors and debt collectors for DSNB and Citibank [and for themselves] have held themselves out to be Plaintiff's creditor and servicer.  As a result of this

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

purported relationship with Plaintiff, said Defendants have a fiduciary duty to Plaintiff to properly account for payments made by Plaintiff and on behalf of Plaintiff.[9]

149.    As a result of the aforementioned fraudulent conduct, Plaintiff paid Defendants on an unsubstantiated debt for several years.  However, for the reasons stated herein, none of this money was actually owed to Defendants.  For that reason, these monies are due to be retuned to Plaintiff in full.

150.    The amount of the money due to Plaintiff from Defendants is unknown and can not be ascertained without and accounting of the receipts and disbursements of the aforementioned transactions.  Plaintiff is informed and believes and thereon alleges that the amount due to him exceeds $75,000 which can be asserted through an actual accounting with Defendants.

## 14th CAUSE OF ACTION – VIOLATION OF TITLE 18 U.S.C. § 2
### [Against All Defendants and Doe Defendants]

151.    Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

152.    Defendants committed an offense against the United States or aided, abetted, counseled, commanded, induced or procured its commission and therefore are accountable as principals.

153.    Defendants  furthermore willfully caused an act to be done which if directly performed by Defendants or another would be an offense against the United States, and therefore are accountable as principals.

154.    The legislative intent to punish as a principal not only one who directly commits an offense and one who "aids, abets, counsels, commands, induces or procures" another to commit an offense, but also anyone who causes the doing of an act which if done by him directly would

---

[9] To state a cause of action for accounting, a plaintiff must allege the existence of a fiduciary relationship, or accounts so complicated that an ordinary legal action demanding a fixed sum is impractical. 5 Witkin, Cal. Proc. 4th (1997) Pleading, section 775, p. 233.  The elements for a claim for accounting are: 1) fiduciary relationship or other circumstances appropriate to the remedy; 2) a balance due from the defendant to the Plaintiff that can be ascertained by an accounting. See Witkin, California Procedure, Pleadings, section 776, p. 233 (4th ed.).

40

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

1   render him guilty of an offense against the United States. Case law decisions: *Rothenburg v.*

2   *United States*, 1918, 38 S.Ct. 18, 245 U.S. 480, 62 L.Ed. 414, and *United States v. Giles*, 1937, 57

3   S.Ct. 340, 300 U.S. 41, 81 L.Ed. 493. [Aiding and abetting those committing the offenses that a

4   former federal agent sought to report including federal judges, California judges, federal

    prosecutors, and cooperating lawyers.]

5       155.    As a direct and proximate result of the Defendants violation of law as principles

6   as set forth above, Plaintiff suffered, and continues to suffer, general and special damages in an

7   amount to be determined at jury trial.

8              ## 15th CAUSE OF ACTION – VIOLATION OF TITLE 18 U.S.C. § 3

9                        ## [Against All Defendants and Doe Defendants]

10      156.    Plaintiff hereby incorporates by reference each and every one of the preceding

11  paragraphs as if the same were fully set forth herein.

12      157.    Defendants <u>knowing that an offense against the United States had been committed,</u>

13  received, relieved, comforted or <u>assisted</u> the offender in order to hinder or prevent his

14  apprehension, trial or punishment, and therefore are accessory after the fact. As a direct and

15  proximate result of the Defendants violation of law as set forth above, Plaintiff suffered, and

    continues to suffer, general and special damages in an amount to be determined at jury trial.

16      158.    As a direct and proximate result of the Defendants violation of law as accessory

17  after the fact  as set forth above, Plaintiff suffered, and continues to suffer, general and special

18  damages in an amount to be determined at jury trial.

19

20             ## 16th CAUSE OF ACTION – VIOLATION OF TITLE 18 U.S.C. § 4

21                       ## [Against All Defendants and Doe Defendants]

22      159.    Plaintiff hereby incorporates by reference each and every one of the preceding

23  paragraphs as if the same were fully set forth herein.

24      160.    Defendants, having <u>knowledge of the actual commission of a felony</u> cognizable

25  by a court of the United States, concealed and did not as soon as possible <u>make known the</u>

41

26

27  **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

same to some judge or other person in civil or military authority under the United States and therefore shall be punished accordingly.

161.    As a direct and proximate result of the Defendants violation of law as set forth above, Plaintiff suffered, and continues to suffer, general and special damages in an amount to be determined at jury trial.

## 17th CAUSE OF ACTION – VIOLATION OF TITLE 18 U.S.C. § 1503
### [Against All Defendants and Doe Defendants]

162.    Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

163.    Defendants corruptly, by  threatening communication, endeavored to influence, intimidate, or impede jurors, on account of the performance of jurors' official duties, by threatening communication, influenced, obstructed, or impeded, or endeavored to influence, obstruct, or impede, the due administration of justice and therefore violated Plaintiff's due process legal rights.

164.    As a direct and proximate result of the Defendants violation of law as set forth above, Plaintiff suffered, and continues to suffer, general and special damages in an amount to be determined at jury trial.

## 18th CAUSE OF ACTION – VIOLATION OF TITLE 18 U.S.C. § 1505
### [Against All Defendants and Doe Defendants]

165.    Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

166.    Defendants corruptly influenced, obstructed, and impeded or endeavored to influence, obstruct, or impede the due the proper administration of the law under which Plaintiff's sham trial which was nothing but a Kangaroo court by striking Plaintiff's material facts therefore are accountable according to Title 18 U.S.C. § 1505 since Defendant Arand obstructed, and impeded the due and proper administration of the law under her Kangaroo court by denying Plaintiff's legal right and due process and by conspiring with other Defendants in making sure that Plaintiff will not get his due process legal rights.

42

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

167.    As a direct and proximate result of the Defendants violation of law as set forth above, Plaintiff suffered, and continues to suffer, general and special damages in an amount to be determined at jury trial.

## 19th CAUSE OF ACTION – VIOLATION OF TITLE 18 U.S.C. § 1510
### [Against All Defendants and Doe Defendants]

168.    Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

169.    Some of the Defendants obstructed other Defendants to be  investigated and willfully endeavored by means of bribery to obstruct, delay, or prevent the communication of information relating to a violation of civil and criminal statute of the United States by Defendants stonewalling and delaying tactics so that Plaintiff's Appeal can not be heard before an unbiased tribunal.  These were coordinated unlawful and repeated occurrence of these Defendants' violation of law which included SANTA CLARA COUNTY COURT, some of its judges, and cooperating lawyers and law firm, LA County Sherriff and all other Defendants and Doe defendants.

## 20th CAUSE OF ACTION – VIOLATION OF TITLE 18 U.S.C. § 1512
### [Against All Defendants and Doe Defendants]

170.    Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

171.    Defendants tampered with witness and jury and knowingly used intimidation, threatened, or corruptly attempted to persuade Plaintiff, engaged in misleading conduct toward Plaintiff, with intent to hinder, delay,  prevent the communication to a law enforcement officer or to a constitutionally compliant judge of the United States of information relating to the commission or possible commission of a Federal offense

43

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

172.    Defendants intentionally harassed  Plaintiff and thereby hindered, delayed, prevented, and attempted to dissuaded Plaintiff  reporting Plaintiff's complaint to a constitutionally compliant  court or judge of the United States and therefore  committed an offense against Plaintiff.

173.    These violation of law was repeatedly perpetrated by SANTA CLARA COUNTY COURT, some of its  judges, LA county Sheriff, Strowbridge and assisted by attorneys.

174.    As a direct and proximate result of the Defendants violation of law as set forth above, Plaintiff suffered, and continues to suffer, general and special damages in an amount to be determined at jury trial.

## 21st CAUSE OF ACTION – VIOLATION OF TITLE  42 U.S.C. § 1986
### [Against All Defendants and Doe Defendants]

175.    Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

176.    Defendants, having knowledge that any of the wrongs conspired to be done, and mentioned in the preceding section [42 USCS § 1985], were committed against Plaintiff, and having power to prevent or aid in preventing the commission of the same, neglected or refused to do so, and are therefore liable to the injured Plaintiff, or Plaintiff's legal representatives, for all damages caused by such wrongful act.

177.    The damages to Plaintiff should be recovered in an action on the case; and any number of other Defendants guilty of such wrongful neglect or refusal shall be accountable as co defendants in the action to Plaintiff.

178.    As a direct and proximate result of the Defendants violation of law as set forth above, Plaintiff suffered, and continues to suffer, general and special damages in an amount to be determined at jury trial.

44

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

**WHEREFORE,** Plaintiff having set forth Plaintiff's claims for relief against the Defendants respectfully pray of the Court as follows:

  A.  That Plaintiff have and recover against the Defendants a sum to be determined by the Court in the form of actual damages;

  B.  That Plaintiff have and recover against the Defendants a sum to be determined by the Court in the form of statutory damages;

  C.  That Plaintiff have and recover against the Defendants a sum to be determined by the Court in the form of punitive damages;

  D.  That Plaintiff have and recover against the Defendants all reasonable legal fees and expenses incurred;

  E.  That this Court order the Defendants to pay additional damages for each violation and statutory damages in a sum to be determined by the Court for violating the FTCPA pursuant to Federal Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5)(B) and (C).

  F.  That this Court order the Defendants to pay additional actual damages and statutory damages in a sum to be determined by the Court for violation of Business And Prof. Code Section 17200.

  G.  That this Court order the Defendants to pay additional actual damages and statutory damages in a sum to be determined by the Court for violating the FDCPA pursuant to 15 U.S.C. Section 1692k.

  H.  That this Court enter a judgment in favor of Plaintiff for a claim in the nature of recoupment.

45

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

1        I.     That this Court enter a judgment in favor of Plaintiff for declaratory

2  relief;

3        J.     That this Court enter a judgment in favor of Plaintiff for Defendants'

4  failure to prevent harm to Plaintiff;

5

6        k.     That this Court enter a judgment in favor of Plaintiff for Defendants'

     violation of Title 42 USC § 1983;

7

8        l.     That this Court enter a judgment in favor of Plaintiff for Defendants'

9  violation of Title 42 USC § 1985;

10       m.    That this Court enter a judgment in favor of Plaintiff for Defendants'

11  violation of Title 42 USC § 1981;

12

13       n.    That this Court enter a judgment in favor of Plaintiff for Defendants'

     violation of Title 42 USC § 1982;

14

15       o.    That this Court enter a judgment in favor of Plaintiff for Defendants'

16  violation of Title 42 USC § 1986;

17       p.    That this Court enter a judgment in favor of Plaintiff for Defendants'

18  violation of cal Const. art VI, § 13;

19

20       q.    That this Court enter a judgment in favor of Plaintiff for Defendants'

     violation of Title 18 USC § 2;

21

22       r.    That this Court enter a judgment in favor of Plaintiff for Defendants'

23  violation of Title 18 USC § 3;

24       s     That this Court enter a judgment in favor of Plaintiff for Defendants'

25  violation of Title 18 USC § 4;

26

27  **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

t.    That this Court enter a judgment in favor of Plaintiff for Defendants' violation of Title 18 USC § 1503;

u.    That this Court enter a judgment in favor of Plaintiff for Defendants' violation of Title 18 USC § 1505;

v.    That this Court enter a judgment in favor of Plaintiff for Defendants' violation of Title 18 USC § 1510;

w.    That this Court enter a judgment in favor of Plaintiff for Defendants' violation of Title 18 USC § 1512;

x.    That this Court enter a judgment in favor of Plaintiff for Defendants' violation of Title 18 USC § 1961;

y.    That this Court enter a judgment in favor of Plaintiff for Defendants' violation of Title 18 USC § 1962;

z.    That this Court enter a judgment in favor of Plaintiff for Defendants' violation of Title 18 USC § 1963;

aa.    That this Court enter a judgment in favor of Plaintiff for Defendants' violation of Title 18 USC § 1964;

bb.    That this Court enter a judgment in favor of Plaintiff for Defendants' violation of Title 18 USC § 1965;

cc.    That this Court enter a judgment in favor of Plaintiff for Defendants' violation of Title 18 USC § 1966;

dd.    That this Court enter a judgment in favor of Plaintiff for Defendants' violation of Title 18 USC § 1967;

47

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**

ee.      That this Court enter a judgment in favor of Plaintiff for Defendants' violation of Title 18 USC § 1968;

ff.      That the underlying alleged debt to the Defendants be forever canceled and discharged; and

gg.      That the Plaintiffs have such other and further relief as the Court may deem just and proper

Respectfully submitted, signed reserving all my rights at UCC 1-207 & 1-308

DATED:        July 7, 2013



By:_____

        All Rights Reserved
        Fareed Sepehry-Fard,
        American Citizen
        Plaintiff

48

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR MONETARY AWARD**