UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAREED SEPEHRY-FARD,<br><br>  Plaintiff,<br><br>  v.<br><br>DEPARTMENT STORES NATIONAL BANK, et al.,<br><br>  Defendants. | Case No. 13-cv-03131-WHO<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 11, 14, 16 |

Currently before the Court are defendants" motions to dismiss. Those motions are set for hearing on October 9, 2013. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument, and hereby VACATES the hearing as well as the case management conference set for the same day. For the reasons explained below, the Court GRANTS the motions to dismiss.

## BACKGROUND

Plaintiff filed his complaint on July 8, 2013, and sues a number of defendants for claims arising out of proceedings that occurred in Santa Clara County Superior Court. The main proceeding from which plaintiff"s claims arise appears to be a trial that occurred before Judge Mary Arand in Santa Clara Superior Court from October 29 – November 11, 2012. *See* Request for Judicial Notice [Docket No. 12][1]; *see also* Complaint ¶ 42. In that debt collection trial, Department Stores National Bank (represented by Donald Sherrill and Anthony Depiero from Hunt & Henriques) secured a judgment against Mr. Sepehry-Fard in the amount of $8,914.82. *Id*.

---

[1] Defendants Department Stores National Bank and Citibank ask the Court to take judicial notice of the Judgment After Jury Trial from *Department Stores National Bank v. Fareed Sepehry*, Superior Court of California, County of Santa Clara, Case No. 11CV216016. Docket Nos. 12 & 12-1. The Court GRANTS the Request for Judicial Notice. *See Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of state court opinions).

Ex. A.

In this lawsuit, plaintiff sues Department Stores National Bank (DSNB), which plaintiff allege does not have a "permit" to operate in California, and so lacked standing to pursue the debt collection case. Complaint ¶¶ 42-43. Plaintiff also alleges that DSNB and Defendant Citibank South Dakota, NA securitized plaintiff's debt and "got paid many times over and over on an alleged debt that never existed to begin with." *Id*. ¶¶ 39, 43. Plaintiff alleges that DSNB and Citibank harmed plaintiff by pursuing an unsubstantiated debt and intimidated, harassed and stalked plaintiff to collect on the debt. *Id*. ¶ 44. Plaintiff also claims that DSNB and Citibank failed to submit "proof" that they were damaged and submitted false proof of plaintiff's signature on the "note." *Id*. ¶¶ 45-48.

Defendants Michael Hunt, Anthony Dipiero, and Donald Sherrill are attorneys at Hunt & Henriques (Complaint ¶¶ 13-15), the firm that represented DSNB in the debt collection case. These attorneys are alleged to have referred to the Bill of Rights and Constitution as "irrelevant and unreliable." *Id*. ¶ 67. Defendants Hunt and Dipiero are alleged to have made (presumably false) statements challenging plaintiff's "claim of exemption" filed in the debt collection case. *Id*. ¶ 84. Plaintiff alleges that DSNB and the attorneys at Hunt & Henriques who represented DSNB and Citibank in the Santa Clara action are part of a debt collection "racket" and scam. *Id*. ¶ 87. The alleged scam is complete when the attorneys collude with judges to defraud parties such as plaintiff. *Id*.

Defendant Judge Mary Arand, is the judge on the Santa Clara Superior Court who presided over the case between DSNB and plaintiff. Plaintiff complains that Judge Arand prevented plaintiff from presenting facts during his case (Complaint ¶ 38), conducted a "sham trial" (*id*. ¶ 40 at pg. 12)[2], made incorrect evidentiary rulings (*id*. ¶¶ 41 at pg. 12, 40 at pg. 13, 49, 63), and was biased and should have recused herself. *Id*. ¶ 50, 57-59. Plaintiff alleges that Judge Arand colluded with plaintiff's opposing counsel in the debt collection case and the "other defendants" in this case. *Id*. ¶ 66. As a result, plaintiff attacks the Superior Court judgment and asserts that

---

[2] The Complaint repeats paragraphs 40 and 41 on pages 12-13.

2

plaintiff "does not owe Defendant DSNB any money and it is Defendants collectively who owe money to Plaintiff." *Id*. ¶ 53, 60.

Defendant Judge Patricia M. Lucas, is a judge on the Santa Clara Superior Court. Plaintiff alleges that he has, on numerous occasions, declared Judge Lucas disqualified pursuant to California Code due to Judge Lucas and Judge Arand"s bias and protection of certain attorneys. Complaint ¶ 61. Judge Lucas is also alleged to have unconstitutionally denied a change of venue motion and violated plaintiff"s rights by "unilaterally assuming jurisdiction" and issuing a void order. *Id*. ¶ 69, 70. Judge Lucas is also alleged to have failed to disqualify herself and issued "seditious" orders without jurisdiction. *Id*. ¶¶ 75-78.

Defendant Judge Mark H. Pierce is a judge on the Santa Clara Superior Court who is alleged to have issued an order, in a different case pending in Santa Clara Superior Court, demonstrating that Judge Pierce views the constitution as an inconvenience, and that Judge Piece impermissibly "passed on" a legal issue to defendant Lucas. Complaint ¶ 74. Judge Pierce is also alleged to have failed to recuse himself. *Id*. ¶ 79-80.[3]

Defendant Larry Strowbridge is a process server (Complaint ¶ 17), but there are no factual allegations alleged against him in the complaint.[4]

More generally, plaintiff complains that defendants conspired together to protect the "banks" and to deprive plaintiff and others of fair trials. The bias of the state court judges, plaintiff contends, is established by unspecified research showing that "every court employee" participates in a benefit system that is 60% invested in "mortgage and asset backed securities, other bank and financial products tied to mortgage and asset backed securities." Complaint ¶ 85. On that basis, plaintiff alleges that there is "no difference" between the debt collectors and the Santa Clara County Judges and the attorneys for DSNB and Citibank, and that defendants are

---

[3] There are no factual allegations asserted against defendant "Santa Clara County Court," but only factual allegations as to various judges on that Court.

[4] Defendants Los Angeles County Sheriff's Office and Leroy D. Baca (the Sherriff of Los Angeles County) have not been served and have not made an appearance in this case. Baca is alleged to have sent notices of "levy" to plaintiff in February and April 2013, and plaintiff immediately demanded that Baca remove the "unlawful levy." *Id*. ¶¶ 71-72. Plaintiff alleges that service of at least one of the notices was unlawful under Cal. Code of Civil Procedure section 703.520. *Id*. ¶ 73.

3

1   "part of the same conspiracy" therefore "the judgment" obtained in Santa Clara County is void and
2   obtained by fraud. *Id*.
3     Based on these allegations, plaintiff asserts twenty-one causes of action against the
4   defendants, including negligence, violation of the Telephone Consumer Protection Act, violation
5   of California's Unfair Competition Law, violation of the Fair Debt Collection Practices Act,
6   conspiracy, "recoupment," violation of 42 U.S.C. § 1981, 42 U.S.C. § 1983, and violation of the
7   Racketeering Racketeer Influenced and Corrupt Organizations Act, quasi-contract, accounting,
8   and violations of various provisions of the United States Criminal Code.
9     Each of the three groups of defendants – the Judicial Defendants, the Financial Entities and
10  the attorneys and process server (Attorneys) – moves to dismiss. The Court will address each
11  motion in turn.

## LEGAL STANDARD

13  Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint
14  if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to
15  dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its
16  face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is facially plausible
17  when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the
18  defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
19  (citation omitted). This standard is not akin to a probability requirement, but there must be "more
20  than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require
21  "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to
22  relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.
23    In deciding whether the plaintiff has stated a claim upon which relief can be granted, the
24  court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the
25  plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court
26  is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of
27  fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.
28  2008).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *See Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## DISCUSSION

### I. JUDICIAL DEFENDANTS' MOTION TO DISMISS

The Judicial Defendants move to dismiss, arguing that plaintiff's claims are barred by absolute judicial immunity, the Eleventh Amendment, the *Rooker-Feldman* or *Younger* abstention doctrines, and fail to state any claims.

The Court agrees with the Judicial Defendants that the claims asserted against them are barred by the doctrine of judicial immunity. *All* of the actions that plaintiff asserts caused him harm were taken by the Judges in connection with cases pending in Santa Clara County where plaintiff is the defendant. *See* Case No. 1-12-CV-216016, Santa Clara County Superior Court, *Department Stores National Bank v. Fareed Sepehryfaro* (filed 1/4/2012); Case No. 1-12-CV-238367, *Lvnv Funding Llc v. Fareed Sepehry Fard* (filed 12/24/2012). As discussed above, plaintiff complains that the judicial defendants erroneously excluded evidence, improperly denied motions, failed to disqualify or recuse themselves, and disparaged the Constitution and/or plaintiff during hearings.

A state judge is absolutely immune from civil liability for damages for acts performed in his or her judicial capacity. *Pierson v. Ra*y, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Whether an act by a judge is a judicial one relates to (1) the nature and function of the act and not the act itself, *i.e.,* whether it is a function normally performed by a judge, and to (2) the

expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *see also Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (other factors to consider in determining whether a particular act is judicial include whether the events occurred in the judge's chambers, whether the controversy centered around a case then pending before the judge, and whether the events arose directly and immediately out of a confrontation with the judge in his or her official capacity). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or in excess of his authority; rather, he will be subject to liability only when he has acted in the ,clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. at 356-57 (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1872)); *see also Mireles*, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice); *Sadorski v. Mosley*, 435 F.3d 1076, 1079 n.2 (9th Cir. 2006) (mistake alone is not sufficient to deprive a judge of absolute immunity).

The only response plaintiff makes to the Judicial Defendants' assertion of judicial immunity is to argue that the actions he complains of were taken "in clear absence of jurisdiction." Oppo. Br. at 9. The sole ground for that claim is plaintiff's assertion that the Judges have a direct and indirect financial benefit in "debt collection" because the court's benefits system is invested in mortgage-backed and asset-backed securities and the alleged debt being collected by DSNB in the debt collection action was securitized. Oppo. to Judicial Defendants' Motion at 9; Sur-Reply to Judicial Defendants' Motion at 2-5 & n. 8.[5] Plaintiff's allegation about the alleged financial benefit creating a bias that defeats absolute judicial immunity is simply not plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."). Plaintiff fails to present *facts* to support his allegation that all of these Judges participate in a benefits system which is currently invested to a significant degree in asset-backed securities such that bias in a debt-collection case regarding a $8,914.82 debt that

---

[5] Ten days after the defendants filed their reply briefs, plaintiff filed "Amended Objection and Reply" briefs on each of the defendants' motions. *See* Docket Nos. 25-27. Although these filings are not allowed under the Federal Rules of Civil Procedure or this Court's Local Rules, the Court has considered the arguments plaintiff makes in each of these briefs and cites to them as plaintiff's "Sur-Reply."

has been securitized could be presumed for each of them.  Plaintiff's unsupported assertion of financial interest in asset-backed securities because of unnamed "benefit" plans does *not* strip the judges of their absolute judicial immunity for the actions they take as judges.

Even if absolute judicial immunity did not apply, it is clear that plaintiff's main complaint is that the judgment issued in the underlying debt collection trial is void because of the judicial bias and the conspiracy between the defendants.  Part of the relief plaintiff seeks in this case is a declaration that the state law judgment in the collection case brought by DSNB is void and that defendants (presumably DSNB and Citibank) should have to pay plaintiff.  Challenges to the debt collection case judgment, however, are barred by the *Rooker-Feldman* doctrine.[6]  Relatedly, to the extent that plaintiff seeks to challenge state court rulings in ongoing proceedings, the Court would abstain from interfering with those proceedings under the *Younger* abstention doctrine.[7]

For the foregoing reasons, plaintiff's claims against the Judicial Defendants are DISMISSED.  Because plaintiff complains solely of actions taken by these Judges within the scope of their judicial duties, and because plaintiff has failed in his Opposition or Sur-Reply to allege any new facts which could establish bias as a matter of law sufficient to strip these Judges of their immunity, that dismissal is WITH PREJUDICE.

---

[6] The *Rooker-Feldman* doctrine bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *See, e.g., Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).  The Ninth Circuit explained the doctrine as follows: "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).  Plaintiff spends much time arguing that the *Rooker-Feldman* doctrine is invalid because the United States Supreme Court has not applied it in any case since *Rooker* or *Feldman* and *Rooker-Feldman* should not apply here because of plaintiff's allegations regarding the Judicial Defendants' bias and financial conflicts.  Oppo. to Judicial Defendants at 7-9; Sur-Reply to Judicial Defendants at 3-5.  The Court adheres to the application of *Rooker-Feldman* as explained by the Ninth Circuit in *Kougasian* and *Noel* and finds that the allegations here – which seek relief from an allegedly erroneous and fraudulent state court decision and resulting judgment – are barred.

[7] The *Younger* abstention doctrine represents the "strong federal policy against federal-court interference with pending state judicial proceedings." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 431 (1982). "Absent extraordinary circumstances," *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims.  *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).  When a case is one in which the *Younger* doctrine applies, the case must be dismissed.  *Id*.

**II. FINANCIAL ENTITIES' MOTION TO DISMISS**

DSNB and Citibank move to dismiss, arguing that the complaint fails to identify which claims and causes of action are asserted against them and the factual bases for each of those claims. As these defendants point out, the Complaint does not indicate which causes of action are asserted against which specific defendants because most of the causes of action are against "Defendant" or "Defendants." *See* Complaint at 29-33. Moreover, the Complaint is not clear as to the factual basis for each cause of action as to each specific defendant. *See Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) ("Plaintiff must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them."); *see also McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) ("Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what.").

However, as best the Court can tell, the following are the bases for the allegations against the Financial Entities: plaintiff argues that DSNB did not have a "permit" and therefore standing to pursue the debt collection claim against plaintiff, the Financial Entities did not submit sufficient proof in the state court proceeding to substantiate the judgment, and these defendants were already paid for the debt in light of its securitization. However, all of these arguments seek to challenge the validity of the debt collection judgment and, as such, are barred by the *Rooker-Feldman* doctrine discussed above. The proper venue for these arguments is in Superior Court and on direct appeal from the debt collection judgment.

For this reason, the following causes of action (COA) are barred by *Rooker-Feldman*: **1st COA – Negligence** (based on "improper demands for payment" prior to and since the judgment); **3rd COA – violation of Cal. Bus. & Prof. Code § 17200** (based on representing that the debt underlying the judgment was legitimate and bona fide); **5th COA – for "Recoupment"** (based on plaintiff unwittingly giving defendants money to cover the debt underlying the judgment); **6th**

**COA – for "Failure to Prevent"** (based on damages from the "void" judgment); **8th COA – for violation of Contract Rights** (based on the alleged cancellation of the legal obligation underlying the judgment); **11th COA – for violation of 18 U.S.C. § 1963** (based on collection of the "unlawful debt" underlying the judgment);[8] **12th COA – for Quasi Contract** (based on Financial Entities collecting unlawful payments for the debt underlying the judgment); **13th COA – for Accounting** (based on Financial Entities alleged payments on the "unsubstantiated" debt underlying the judgment). These causes of action are DISMISSED WITH LEAVE TO AMEND.

If plaintiff chooses to amend, however, the causes of action alleged must not attempt to attack the validity of the judgment (or the rulings) in the debt collection case. In addition, for each cause of action realleged, plaintiff must plead facts showing what each defendant allegedly did (what they did, when they did it) to support each cause of action. *See, e.g., Corazon v. Aurora Loan Servs., LLC*, 11-00542 SC, 2011 WL 1740099 (N.D. Cal. May 5, 2011) ("Plaintiff's failure to indicate which defendant was allegedly responsible for which wrongful act and to provide well-pleaded factual allegations in support of each cause of action" meant complaint must be dismissed).

The only *other* factual allegations made against the Financial Entities is that DSNB and/or Citibank harmed plaintiff by intimidating, harassing and stalking him in their efforts to collect on the debt. *Id*. ¶ 44. There are two causes of action that may be based on those factual allegations, including violation of the Federal Telephone Consumer Protection Act (2nd COA, Complaint at 39) and the Fair Debt Collection Practices Act (4th COA, Complaint at 32-33). As to the TCPA claim, defendants argue the claim must be dismissed because plaintiff fails to specifically allege that DSNB and/or Citibank violated the TCPA and failed to identify the telephone number allegedly called. Financial Entities' Oppo. Br. at 7-8. The Court agrees that plaintiff has failed to adequately allege this claim. Plaintiff must identify whether the claim is asserted against DSNB or Citibank or both. Plaintiff must also identify when the allegedly illegal calls were made (the

---

[8] Plaintiff's 11th Cause of Action is for violation of 42 U.S.C. § 1963, which does not exist. Based on the reference to a pattern of racketeering activity made in paragraph 141, the Court assumes plaintiff intends to allege a violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1963.

1    general timeframe, for example, between October and December 2012), and the phone number the
2    calls were placed to.  Without these facts, the DSNB and Citibank cannot defend this claim.  The
3    TCPA claim, therefore, is DISMISSED WITH LEAVE TO AMEND.

4          As to the Fair Debt Collection Practice Act claim, DSNB and Citibank argue that the claim
5    fails as a matter of law because the statute only covers debt collectors who are seeking to collect
6    on a debt due to "another" and they "creditors" not covered by the law.  Financial Entities" Oppo.
7    Br. at 9-10.  Under the FDCPA, "[c]reditors that are collecting debts owed to them, and do so
8    using their true business name, are exempt from FDCPA"s definition of debt collectors." *Pacheco*
9    *v. Citibank (SD)*, N.A., 2007 U.S. Dist. LEXIS 34821 (N.D. Cal. Apr. 27, 2007).  According to
10   plaintiff, DSNB is "the alleged owner of the alleged debt" and Citibank is the alleged "trustee"
11   and both have held themselves out to be plaintiff"s "creditor and servicer."  Complaint ¶ 148.
12   While attacking the validity of the debt, plaintiff does not allege facts supporting an allegation that
13   DSNB and Citibank were not acting as creditors.  While plaintiff contends, in his opposition, that
14   DSNB and/or Citibank were not the true holders of the debt, there are *no facts* supporting this
15   allegation.  For example, plaintiff does not allege who is the owner of the debt and does not allege
16   when or how DSNB and/or Citibank transferred the debt to another entity.  Moreover, plaintiff has
17   failed to allege any facts supporting his vague claim that he was "harassed and oppressed" in
18   connection with debt collection by DSNB or Citibank.  There are no facts as to how he was
19   harassed, when he was harassed, and why he believes DSNB and/or Citibank were responsible for
20   that harassment.

21         Therefore, the FDCPA is DISMISSED WITH LEAVE TO AMEND.  If plaintiff wishes to
22   amend this claim, he must identify facts that would show that DSNB and/or Citibank were not
23   collecting a debt they believed was owed to them, but a debt belonging to another specifically
24   identified entity.  Plaintiff must also allege facts showing exactly how and when he was harassed
25   and oppressed by each of the defendants.

26         As to the 7th Cause of Action, for "conspiracy to deny equal protection" under 42 U.S.C.
27   section 1985 (Complaint at 35-36), this claim is not alleged against DSNB or Citibank, but against
28   the defendants who are "professionals at law, public offices of law, public officers of the court."

Therefore this cause of action fails to state a claim against the Financial Entities and must be DISMISSED WITH LEAVE TO AMEND.

As to the 9th Cause of Action, for violation of 42 U.S.C. section 1983, plaintiff does not allege *any* facts supporting this cause of action. Moreover, a section 1983 claim for deprivation of constitutional rights must be brought against a "state actor." DSNB and Citibank are private actors, not state actors, who cannot be held liable under section 1983 for their actions against plaintiff. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); *see also Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("Of course, merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."). Therefore this cause of action fails to state a claim against the Financial Entities and must be DISMISSED WITH LEAVE TO AMEND.

As to the 10th Cause of Action, for violation of 18 U.S.C. section 1961,[9] section 1961 is simply the definitional section of RICO and not a cause of action. Therefore, this claim is DISMISSED WITH PREJUDICE.

Finally, as to the 21st Cause of Action, asserting an action under 42 U.S.C. section 1986 for failure to prevent a violation under 42 U.S.C. section 1985 (which makes actionable conspiracies to violate civil rights), as noted above plaintiff fails to allege a violation of section 1985 as to DSNB or Citibank. Therefore this cause of action fails to state a claim against the Financial Entities and must be DISMISSED WITH LEAVE TO AMEND.

As such, the following causes of action against DSNB and Citibank are DISMISSED WITH LEAVE TO AMEND: 1st, 2nd, 3rd, 4th, 5th , 6th, 7th, 8th, 9th, 11th, 12th, 13th and 21st. The 10th cause of action is DISMISSED WITH PREJUDICE.

### III. ATTORNEYS DEFENDANTS

The three attorneys from Hunt & Henriques – who represented DSNB in the debt collection case – and a process server (Attorney Defendants) move to dismiss the claims against

---

[9] As with the 11th Cause of Action, plaintiff attempts to state a cause of action for violation of 42 U.S.C. § 1961, however that statute was repealed in 1978. Given the reference to RICO in paragraph 139, the Court assumes plaintiff intends to allege a cause of action under 18 U.S.C. § 1961.

11

them. The Attorney Defendants argue that the Complaint is largely incomprehensible and few if any specific facts are alleged against them. As noted above, plaintiff complains that the Attorney Defendants have referred to the Bill of Rights and Constitution as "irrelevant and unreliable," made false statements in the debt collection case, and are part of a debt collection "racket" and scam responsible for defrauding him.[10]

As above, to the extent plaintiff is attacking the validity of the debt (as established in the state court proceeding) or challenging any conduct that occurred during that proceeding that would affect the judgment, those challenges are foreclosed by the *Rooker-Feldman* doctrine. As such, following causes of action are DISMISSED WITH LEAVE TO AMEND: **1st COA – Negligence**; **3rd COA – violation of Cal. Bus. & Prof. Code § 17200**; **5th COA – for "Recoupment"**; **6th COA – for "Failure to Prevent"**; **8th COA – for violation of Contract Rights**; **11th COA – for  violation of 18 U.S.C. § 1963**;[11] **12th COA – for Quasi Contract**; and **13th COA – for Accounting**. As with the Financial Entities, if plaintiff realleges any of these causes of action he must not attack the validity of the debt collection judgment or the rulings in the debt collection case, and he must state facts showing what each defendant allegedly did (what they did, when they did it) to support each cause of action.

Regarding the remaining causes of action, the Court finds that they are not adequately pled.

As to the 2nd Cause of Action, under the TCPA, the complaint fails to allege sufficient facts. As an initial matter, there is no express allegation that the Attorney Defendants placed automated calls to plaintiff in violation of the TCPA and, as noted above, there are no facts regarding when the calls were made or what number they were made to. Moreover, the TCPA exempts from its prohibition on automated calls, calls that are "made for a commercial purpose other than unsolicited advertisements and telephone solicitations," including "„where a third party

---

[10] As noted above, there are no specific factual allegations against defendant Larry Strowbridge explaining why plaintiff believes Mr. Strowbridge harmed him. Therefore, all claims against defendant Strowbridge as DISMISSED.

[11] Plaintiff's 11th Cause of Action is for violation of 42 U.S.C. § 1963, which does not exist. Based on the reference to a pattern of racketeering activity made in paragraph 141, the Court assumes plaintiff intends to allege a violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1963.

places a debt collection call on behalf of the company holding the debt.'"" *Martinez v. Johnson*, 2:11CV157-DN, 2013 WL 1031363 (D. Utah Mar. 14, 2013) (quoting *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 7 F.C.C. Rcd. 8752 (1992)). Therefore, to state a claim under the TCPA, plaintiff must allege facts showing that the Attorney Defendants placed automated calls to plaintiff for a commercial solicitation *not* related to their efforts to collect a debt. As currently alleged, this cause of action fails to state a claim against the Attorney Defendants and must be DISMISSED WITH LEAVE TO AMEND.

As to the 4th Cause of Action, under the FDCPA, the Attorney Defendants point out that plaintiff has failed to allege what actions the Attorney Defendants took to collect a debt and how those actions violated the FDCPA. The only allegations are that the defendants (unspecified as to which defendants) engaged in conduct "the nature consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d." Complaint ¶ 113. That is insufficient. Plaintiff must provide facts showing what acts the Attorney Defendants took, when those acts were taken, and how those acts harassed, oppressed or harmed plaintiff in violation of the FDCPA.[12] As currently alleged, this cause of action fails to state a claim against the Attorney Defendants and must be DISMISSED WITH LEAVE TO AMEND.

As to the 7th Cause of Action for "conspiracy" to deny equal protection under 42 U.S.C. § 1985, there are no facts supporting plaintiff"s conclusory allegation that the Attorney Defendants" "prevented Plaintiff from obtaining even the smallest amount of equal access to the equal protection of the law" in the debt collection proceeding. Complaint ¶ 127. "A claim under § 1985

---

[12] The Attorney Defendants also argue that plaintiff has failed to allege that they were debt collectors. *See, e.g., Aquino v. Capital One Fin. Corp.*, 08-0479 SC, 2008 WL 1734752 (N.D. Cal. Apr. 14, 2008) ("to state a claim for violation of the Fair Debt Collection Practices Act, a plaintiff must allege, inter alia, that ... the defendant collecting the „debt" is a „debt collector"") (internal quotations omitted). In Opposition, plaintiff points out that in at least one letter from the Attorney Defendants to plaintiff, a disclaimer read: "PLEASE NOTE: THIS FIRM IS A DEBT COLLECTOR AND ALL INFORMATION OBTAINED WILL BE USED FOR THE PURPOSE OF COLLECTING THE DEBT." Oppo. Br. to the Attorney Defendants at Ex. D. However, plaintiff still fails to state facts showing the Attorney Defendants made illegal harassing or oppressive contacts with the plaintiff for the purposes of collecting on a debt. As defendants point out, filing a debt collection lawsuit is not sufficient in and of itself to state a claim under section 1692d of the FDCPA. *See, e.g., Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006) ("the filing of a debt-collection lawsuit without the immediate means of proving the debt does not have the natural consequence of harassing, abusing, or oppressing a debtor.").

13

requires, among other elements, "a conspiracy" and "an act in furtherance of the conspiracy.'" *Hofmann v. City & Cnty. of San Francisco*, 870 F. Supp. 2d 799, 809 (N.D. Cal. 2012). Therefore, plaintiff must allege specific facts showing that a conspiracy existed as well as facts as to how these specific defendants – Hunt, Dipiero and Sherrill – acted to deny plaintiff's right to equal protection of the laws. The facts alleged cannot be conclusory and must be *plausible*, meaning the facts alleged support a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff is cautioned that if the facts he alleges are ones that challenge the rulings made by the Judge and the judgment in the underlying debt collection case, this claim too will be barred under the *Rooker-Feldman* doctrine. Therefore, this cause of action fails to state a claim against the Attorney Defendants and must be DISMISSED WITH LEAVE TO AMEND.

As to the 9th Cause of Action, as with the Financial Entities, plaintiff does not allege *any* facts supporting this cause of action and there are no facts to establish that any of the Attorney Defendants are state actors who can be liable for a violation of section 1983. Therefore this cause of action fails to state a claim against the Attorney Defendants and must be DISMISSED WITH LEAVE TO AMEND.

As to the 10th Cause of Action, for violation of 18 U.S.C. section 1961, section 1961 is simply the definitional section of RICO and not a cause of action. Therefore, this claim is DISMISSED WITH PREJUDICE.

As to the 21st Cause of Action, for conspiracy to violate 42 U.S.C. § 1986, this claim suffers from the same defects as the 7th cause of action discussed above and is DISMISSED WITH LEAVE TO AMEND.

As such, the following causes of action against the Attorney Defendants are DISMISSED WITH LEAVE TO AMEND: 1st, 2nd, 3rd, 4th, 5th , 6th, 7th, 8th, 9th, 11th, 12th, 13th and 21st. The 10th cause of action is DISMISSED WITH PREJUDICE.

### IV. CRIMINAL CODE VIOLATIONS – 14TH – 20TH CAUSES OF ACTION

Plaintiff also asserts causes of action against "All Defendants" under a variety of federal

criminal codes. *See* Complaint at 40-44. Plaintiff, however, has not demonstrated that there is a private right of action under any of the code provision he relies on that would allow him enforce those codes. *See, e.g., Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (noting the Supreme Court has been "quite reluctant to infer a private right of action from a criminal prohibition alone" and has refused to "infer a private right of action from ‚a bare criminal statute.‛").

Therefore the following causes of action are DISMISSED WITH PREJUDICE as to ALL defendants. **14th COA—Violation of 18 U.S.C. § 2** ("whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."); *Central Bank*, 511 US 190 (declining to infer private right of action under 18 U.S.C. § 2). **15th COA – Violation of 18 U.S.C. § 3** ("Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact."); **16th COA – Violation of 18 U.S.C. § 4** ("Misprision of felony"); *Apollo v. Peake*, 2009 U.S. App. LEXIS 301, *6 (Fed. Cir. 2009) ("We are aware of no authority for the proposition that an alleged violation of the federal misprision of felony statute gives rise to a private right of action."). **17th COA – Violation 18 U.S.C. § 1503** ("Influencing or injuring officer or juror generally"); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997) ("18 U.S.C. § 1503 is a criminal statute that does not provide for a private cause of action"), overruled on other grounds by *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). **18th COA – Violation of 18 U.S.C. § 1505** ("Obstruction of proceedings before departments, agencies, and committees"); *Peavey v. Holder*, 657 F. Supp. 2d 180, 190 (D.D.C. 2009) (no private right of action under 18 U.S.C. § 1505). **19th COA – Violation of 18 U.S.C. § 1510** ("Obstruction of criminal investigations"). **20th COA – Violation of 18 U.S.C. § 1512** ("Tampering with a witness, victim, or an informant"); *Peavey,* 657 F. Supp. 2d at 190 (D.D.C. 2009) (no private right of action under 18 U.S.C. § 1512).

**CONCLUSION**

For the foregoing reasons, the Judicial Defendants" motion to dismiss is hereby GRANTED WITH PREJUDICE. The Financial Entities" and Attorney Defendants" motions to dismiss are GRANTED, WITH LEAVE TO AMEND *only* the following causes of action: 1st, 2nd, 3rd, 4th, 5th , 6th, 7th, 8th, 9th, 11th, 12th, 13th and 21st. The 10th and 14th through 20th Causes of Action are DISMISSED WITH PREJUDICE as to all defendants. Plaintiff must file an amended complaint within **thirty (30) days** of the date of this Order.

**IT IS SO ORDERED**.

Dated: October 4, 2013



WILLIAM H. ORRICK
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAREED SEPEHRY-FARD,<br><br>            Plaintiff,<br><br>   v.<br><br>DEPARTMENT STORES NATIONAL<br>BANK, ET AL et al,<br><br>            Defendant.<br>_____/ | Case Number: CV13-03131 WHO<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 4, 2013, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.

Fareed Sepehry-Fard
12309 Saratoga Creek Drive
Saratoga, CA 95070

Dated: October 4, 2013

Richard W. Wieking, Clerk
By: Jean Davis, Deputy Clerk