1

2

3

4             UNITED STATES DISTRICT COURT

5           NORTHERN DISTRICT OF CALIFORNIA

6

7   FAREED SEPEHRY-FARD,                    Case No. 13-cv-03131-WHO

             Plaintiff,
8
                                            **ORDER GRANTING MOTIONS TO**
9        v.                                 **DISMISS; DENYING PLAINTIFF'S**
                                            **MOTIONS**
10  DEPARTMENT STORES NATIONAL
    BANK, et al.,                           Re: Dkt. Nos. 43, 46, 48, 64, 66, 67, 70
11
             Defendants.

12          Currently before the Court are defendants' motions to dismiss and plaintiff's motions to

13  amend and for expedited discovery.  Having considered the papers submitted, and for good cause

14  shown, the Court hereby GRANTS defendants' motions and DENIES plaintiff's motions.

15

16                            **BACKGROUND**

17          This case arises out of state court collection proceedings brought against plaintiff Fareed

18  Sepehry-Fard, initiated by defendants Department Stores National Bank (DSNB) and Citibank

19  ("Financial Entities"), and litigated by defendants Michael S. Hunt, Anthony Dipiero, and Donald

20  Sherrill ("Attorney Defendants").[1]  On October 4, 2013, the Court dismissed each of the claims

21  asserted against the Financial Entities and Attorney Defendants because the claims: (1) were

22  barred by the *Rooker-Feldman* Doctrine, (2) were constitutional claims that could not be asserted

23  against these defendants, or (3) failed to allege facts sufficient to state a claim.  The Court gave

24  plaintiff leave to amend and provided specific advice on what plaintiff needed to do in order to

25  attempt to state valid claims against these defendants, including his need to show what each

26  defendant allegedly did to him (what they did, when they did it) to support each cause of action he

27  ———————————————

28  [1]  Defendant Larry Strowbridge is a process server, but also referred to as one of the Attorney
     Defendants.

United States District Court
Northern District of California

1   intended to pursue.[2]  Plaintiff filed his Amended Complaint (AC) on October 18, 2013.  The

2   Financial Entities, the Attorney Defendants and Sheriff Baca (who was served after the Court

3   issued its ruling on the first motions to dismiss) now move to dismiss the Amended Complaint.

### LEGAL STANDARD

5         Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint

6   if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to

7   dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its

8   face."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  A claim is facially plausible

9   when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the

10  defendant is liable for the misconduct alleged."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

11  (citation omitted).  This standard is not akin to a probability requirement, but there must be "more

12  than a sheer possibility that a defendant has acted unlawfully."  *Id.*  While courts do not require

13  "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to

14  relief above the speculative level."  *See Twombly*, 550 U.S. at 555, 570.

15        In deciding whether the plaintiff has stated a claim upon which relief can be granted, the

16  court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the

17  plaintiff.  *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court

18  is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of

19  fact, or unreasonable inferences."  *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

20  2008).

21        Pro se complaints are held to "less stringent standards than formal pleadings drafted by

22  lawyers."  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Where a plaintiff is proceeding pro

23  se, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the

24  benefit of any doubt.  *See Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

25  However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine

---

[2]   The Court also granted a motion to dismiss and dismissed with prejudice the claims plaintiff asserted against the Santa Clara Superior Court and Judges Mary Arand, Patricia M. Lucas and Mark H. Pierce.  A motion to reconsider that ruling was denied on November 6, 2013.  Docket No. 50.

*United States District Court*
*Northern District of California*

1   whether a claim has been stated.  *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268

2   (9th Cir. 1982).

3                                          **DISCUSSION**

4   **I.   FINANCIAL ENTITIES' MOTION TO DISMISS**

5            The basic premise of plaintiff's original Complaint was that the Financial Defendants

6   lacked standing to pursue the debt collection claim against plaintiff in state court, the Financial

7   Entities did not submit sufficient proof in the state court proceeding to substantiate the judgment,

8   and the Financial Entities were already paid for the debt in light of its securitization.  In his

9   Amended Complaint, and in his Opposition brief, plaintiff now alleges that: (1) the Financial

10  Entities (with the other defendants) violated plaintiff's rights and California Code of Civil

11  Procedure section 703.520 by ignoring the 15 day wait period regarding claims of exemptions on

12  the enforcement of money judgments and unlawfully levying plaintiff's bank account to satisfy the

13  state court judgment (*see, e.g.*, FAC at 8; Oppo. Br. at 2-3, 22); (2) the Financial Entities owe

14  plaintiff money because his underlying credit card debt was "monetized" through various

15  "schemes" such as securitization, credit default swaps, cross collaterization, payments from the

16  government (TARP funds), insurance payments, and yield spread premiums (*see, e.g.*, Oppo. Br.

17  at 27); and (3) the Financial Entities harassed plaintiff in the collection of a debt in violation of

18  TCPA and FDCPA (*see, e.g.*, FAC at 7-8; Oppo. Br. at 14-15).  With that background, the Court

19  will address each cause of action alleged by plaintiff in his Amended Complaint.

20       **A.  Negligence (1st COA)**

21           In his negligence cause of action, plaintiff alleges that the Financial Entities harassed,

22  intimidated and trespassed on plaintiff and his property by: (1) illegally attempting to collect the

23  underlying credit card debt, despite plaintiff's notice to a collections agency and the Attorney

24  Defendants' law firm that plaintiff contested the validity of the debt, and (2) by placing a levy on

25  plaintiff's bank account to collect on the resulting state court judgment in violation of California

26  Code of Civil Procedure 703.520.  AC, at 7-8.

27           In order to state a claim for negligence, plaintiff must allege: (1) the defendant's legal duty

28  of care to the plaintiff, (2) breach of that duty, (3) causation, and (4) resulting injury to the

United States District Court
Northern District of California

3

United States District Court
Northern District of California

plaintiff. *Merrill v. Navegar, Inc.*, 26 Cal.4th 465, 500 (2001).  As a general rule, under California law, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal.App.3d 1089, 1095–96 (1991).  "[L]iability to a borrower for negligence arises only when the lender actively participates in the financed enterprise beyond the domain of the usual money lender." *Id.* at 1096, (internal quotations and citations omitted).  But "'[n]ormal supervision of the enterprise by the lender for the protection of its security interest in loan collateral is not 'active participation' in the financed enterprise.'"  *Id.* at 1097 (quoting *Wagner v. Benson*, 101 Cal.App.3d 27, 35 (1980)).

Plaintiff's allegations in his negligence cause of action focus on the collection efforts of the Financial Entities, both before and after the state court judgment.  There are no facts that suggest the Financial Entities' actions went "beyond the domain" of a creditor seeking to collect on a debt.  The fact that plaintiff contested the validity of the underlying debt[3] and challenges the Financial Entities' steps to collect on that and the resulting state court judgment, does not turn their actions into ones which create a special legal duty of care allowing plaintiff to assert a negligence claim.

As plaintiff was already given leave to amend this claim in the prior Order, and there are no facts alleged in the Amended Complaint or in his Opposition that indicate plaintiff will be able to state a negligence claim against the Financial Entities, this claim is DISMISSED WITH PREJUDICE.

## B. Telephone Consumer Protection Act (2nd COA)

In the prior Order, the Court dismissed plaintiff's TCPA claim because "plaintiff fails to specifically allege that DSNB and/or Citibank violated the TCPA and failed to identify the telephone number allegedly called."  Docket No. 36 at 9.  The Court advised plaintiff that in order to state a TCPA claim, plaintiff "must identify whether the claim is asserted against DSNB or

---

[3]   The Court notes that both the validity of the underlying debt and the ability of the Financial Entities to collect on it were issues determined in the Financial Entities' favor in the Santa Clara Superior Court proceedings.  Plaintiff cannot attack the validity of the debt and/or the judgment in this proceeding as any such challenge – as explained in the Court's prior order – is barred by the *Rooker-Feldman* doctrine.

1   Citibank or both.  Plaintiff must also identify when the allegedly illegal calls were made (the

2   general timeframe, for example, between October and December 2012), and the phone number the

3   calls were placed to." *Id.* at 9-10.

4        In his Amended Complaint, plaintiff has stated additional facts to support his TCPA claim.

5   Specifically, he identifies the nature of his claim under the TCPA (that the Financial Entities used

6   prerecorded voice messages to leave him messages); identified the general time frame for the calls

7   (from early 2010 to late 2012); identified the phone numbers the calls were placed to (his home

8   and cellular numbers); and identified the purpose of the prerecorded calls (to harass plaintiff to

9   collect a debt).  *See* Amended Complaint, at 8-10.

10        The Financial Entities argue the claim must still be dismissed because plaintiff fails to

11  allege that the calls were "made without his consent."  Financial Entities' Motion at 8.  However,

12  "[e]xpress consent 'is not an element of a TCPA plaintiff's prima facie case, but rather is an

13  affirmative defense for which the defendant bears the burden of proof.'" *Mashiri v. Ocwen Loan*

14  *Servicing, LLC*, 3:12-CV-02838-L-MDD, 2013 WL 5797584 (S.D. Cal. Oct. 28, 2013) (quoting

15  *Robbins v. Coca–ColaCompany*, No. 13–cv–132, 2013 WL 2252646, at *2 (S.D.Cal. May 22,

16  2013)).  Therefore, plaintiff does not need to affirmatively allege the calls were made without his

17  consent.[4]

18        The Financial Entities also argue that these allegations still fail to state a claim because

19  plaintiff fails to identify whether he believes Citibank or DSNB made the calls.  Motion at 8.

20  The Court agrees that plaintiff does not make it clear whether he contends that one or both of the

21  Financial Entities and/or the Attorney Defendants were responsible for the calls and *why*.

22  Plaintiff's continued failure to state facts that would link his various claims to *each* defendant

23  means that this claim must be dismissed.  However, as plaintiff did allege additional facts in his

24  Amended Complaint and the Court expects plaintiff may be able to cure the remaining deficiency,

25

26  _____

27  [4]  The Court notes that the TCPA exempts from liability automated or prerecorded debt collection phone calls placed to residential telephone numbers, however, the TCPA does not contain the same exemption for debt collection calls placed to cellular telephone numbers.  *See, e.g., Mashiri*

28  *v. Ocwen Loan Servicing*, LLC, 3:12-CV-02838-L-MDD, 2013 WL 5797584 (S.D. Cal. Oct. 28, 2013).

United States District Court
Northern District of California

1    plaintiff's TCPA claim against the Financial Entities is DISMISSED with leave to amend.

2        **C.  FDCPA (4th COA)**

3            In dismissing the Fair Debt Collection Practices Act claim in the prior Order, the Court

4    advised plaintiff that if he wished "to amend this claim, he must identify facts that would show

5    that DSNB and/or Citibank were not collecting a debt they believed was owed to them, but a debt

6    belonging to another specifically identified entity. Plaintiff must also allege facts showing exactly

7    how and when he was harassed and oppressed by each of the defendants."  October 4, 2013 Order

8    at 10.

9            In his Amended Complaint, the basis for the FDCPA claim is that: (1) after he issued a

10   notice of "no trespass" to defendants in January 2012,[5] defendants continued to contact him in an

11   effort to collect the debt (presumably by the phone calls identified in the prior sections of the AC);

12   (2) that personal service of the state court complaint on plaintiff in January 2012, after plaintiff

13   serviced the notice of no trespass, was illegal; (3) all the defendants (including Sheriff Baca and

14   process server Strowbridge) violated California Code of Civil Procedure 703.520 by failing to

15   wait a sufficient period of time before levying plaintiff's bank account in order to collect on the

16   state court judgment; and (4) the Financial Entities cannot be considered creditors exempt from the

17   FDCPA because the underlying debt was securitized and the Financial Entities can only be

18   considered "servicers."

19           The Financial Entities argue that the claim must be dismissed as to them because plaintiff

20   failed to comply with the Court's order requiring specific facts to support his claim, and because

21   DSNB and Citibank are creditors exempt from the FDCPA.  The Court agrees that because the

22   Financial Entities are creditors seeking to collect on a debt, they cannot be held liable under the

23   FDCPA.  *See* October 4, 2013 Order at 10.

24           The only argument plaintiff makes that the Financial Entities should not be considered

25   creditors is that plaintiff's credit card debt was securitized and, therefore, the Financial Entities are

26   merely servicers of the debt.  There are numerous problems with this argument.  First, the validity

27

28   _____
     [5]  The "notice of no trespass" was allegedly served on the Financial Entities attorneys' at Hunt & Henriques on January 9, 2012.  Amended Complaint, Exhibit B (Docket No. 39-3 at 4-5).

     6

1    of the debt (and DSNB's entitlement to collect on it) has been conclusively established by the

2    Santa Clara Superior Court judgment.  As noted in the Court's prior order, plaintiff cannot attack

3    the validity of that judgment in this Court, as that challenge is barred by the *Rooker-Feldman*

4    doctrine.  October 4, 2013 Order at 8-9.  DSNB's right to collect on the debt in its name has been

5    established.  Second, numerous courts have held that simply because a debt is securitized, that

6    does not mean that the original beneficiary or owner of the credit account – here DSNB/Citibank –

7    can no longer enforce its right to collect upon that debt.  *See, e.g.*, *Lane v. Vitek Real Estate Indus.*

8    *Grp.*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("The argument that parties lose their interest

9    in a loan when it is assigned to a trust pool has also been rejected by many district courts.");

10   *Tostado v. Citibank (S. Dakota), N.A.*, CIV.A. SA-09-CV549XR, 2010 WL 55976 (W.D. Tex.

11   Jan. 4, 2010) (recognizing that the "real party in interest, Citibank would hold the right to enforce

12   its interests on those accounts and loans" where Citibank continued to own the revolving credit

13   account, even though Citibank sold its interest in the receivables through securitization).[6]

14          In light of the state court judgment, and having failed to plead in his Amended Complaint

15   despite the Court's guidance any facts that plausibly demonstrate that the Financial Entities were

16   not creditors, plaintiff's FDCPA claim against the Financial Entities is DISMISSED WITH

17   PREJUDICE.

18          **D.  Recoupment (5th COA)**

19          Plaintiff alleges a claim for "recoupment" against the Financial Entities under provisions

20   of the Uniform Commercial Code, 3-305, 3-306 and 9-404a.[7]  The crux of plaintiff's recoupment

21

22   [6]  In making his argument that securitization of the credit debt somehow prevents the Financial
     Entities from collecting on his debt, plaintiff relies extensively on *Glaski v. Bank of America*, 218
23   Cal.App.4th 1079 (Cal.App. 2013).  That reliance is wholly misplaced.  The *Glaski* decision
     addressed the different question of whether a borrower who was not party to a securitization
24   transaction could nonetheless challenge alleged improprieties with the securitization of his
     mortgage loan and deed of trust and violation of the pooling and servicing agreement that
25   governed the trust into which his mortgage loan was placed.  Here, plaintiff *does* not allege or
     identify any violations of the securitization rules or the PSA with respect to the securitization of
26   his debt.  More importantly, this Court has rejected the *Glaski* holding, finding it inconsistent with
     the majority of cases addressing the issue.  *See Apostol v. Citimortgage, Inc.*, Case3:13-cv-01983-
27   WHO Docket 40 at 11-12 (11/21/13).
     [7]  UCC 3-305 discusses rights to enforce and defenses to enforcement of contracts; 3-306 deals
28   with claims to an instrument, such as a claim to a lien; 9-404a deals with the rights of assignees
     with respect to an account debtor.

1    claim is that through the securitizing and cross-collaterializing of his debt, and by the Financial

2    Entities' use of credit default swaps, and their receipt of insurance and government (TARP)

3    payouts, the Financial Entities have made money off of plaintiff's debt and plaintiff is entitled to

4    that money.  AC, at 26-27.

5        However, plaintiff cites no cause of action that would entitle him – as the person who

6    signed a credit card agreement, incurred debt on that card, and allegedly did not pay it back – to

7    the money and proceeds the Financial Entities allegedly made off of his debt.  The UCC sections

8    plaintiff cites do not create a right for plaintiff to receive any of the alleged proceeds and there is

9    no cause of action for "recoupment" based on the facts alleged.[8]  There is simply no legal basis for

10   this claim.

11       Plaintiff's claim for recoupment, therefore, is DISMISSED WITH PREJUDICE.

12   **E.  42 USC § 1986 (6th & 21st COA); Conspiracy under 42 U.S.C. § 1985 (7th COA)**

13       In his Sixth and Twenty-First Causes of Action,[9] plaintiff is seeking the protection of 42

14   U.S.C. section 1986, based on allegations that defendants failed to prevent and allowed Sheriff

15   Baca to put an illegal levy on plaintiff's bank account.  AC, at 27-28.  42 U.S.C. section 1986

16   imposes liability on those who know of and fail to prevent others from conspiring to deprive

17   someone of their civil rights.  A section 1986 claim is predicated upon a valid 42 U.S.C. section

18   1985 claim.  42 U.S.C. section 1985 prohibits two or more people from: (1) interfering with a

19   federal officer's duties; (2) obstructing justice in a United States court proceeding; and (3)

20   conspiring to deprive someone of their civil rights.  Plaintiff appears to be alleging that the

21   defendants, by placing the illegal levy on plaintiff's bank account, conspired to deprive plaintiff of

22   his civil rights.  However, as the Ninth Circuit has held, "a properly pleaded claim" under section

23   1985 (the predicate for section 1986 liability) "must include an allegation of racial or class-based

24

25   [8]  At common law recoupment "functioned as [an] equitable rule[] of joinder," used when a
26   defendant wanted to "defeat or diminish plaintiff's recovery."  *In re Madigan*, 270 B.R. 749, 755
     (B.A.P. 9th Cir. 2001); *see also Molina v. OneWest Bank, FSH*, 903 F. Supp. 2d 1008, 1017 (D.
27   Haw. 2012) (recognizing that recoupment is only available under TILA as a "defense" in an action
     to collect a debt).  This defensive doctrine simply does not apply to the facts alleged by plaintiff in
28   this case.
     [9]  Plaintiff's Twenty-First Cause of Action is his Thirteenth.  *See* AC at 42-43.

1   animus." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

2       There are absolutely no facts alleged that any of the defendants conspired to deprive

3   plaintiff of his civil rights based on his race or on a class-based animus.  Moreover, even if

4   plaintiff could amend to state facts showing that the conduct occurred because of race or class-

5   based animus, the claim would still fail because the facts alleged by plaintiff do not establish that

6   his constitutional rights were violated.  Plaintiff contends that he filed claims of exemption to

7   defendant Baca's February 14, 2013 and April 30, 2013 notices of levy and demanded that the

8   "unlawful" levy be removed.  Plaintiff, however, provides no legal authority or facts showing why

9   the levy was unlawful under California law.

10      The only allegation plaintiff makes that the levy was unlawful is that it was imposed in

11  violation of CCP 703.520, because defendants were supposed to wait 15 days from the date of

12  mailing or 10 days after notice of levy was received by defendant before taking some unspecified

13  action.  AC, at 27-28.  However, Section 703.520 provides only that after a levy has been placed, a

14  "claimant may make a claim of exemption by filing with the levying officer a claim of exemption

15  together with a copy thereof. The claim shall be made within 10 days after the date the notice of

16  levy on the property claimed to be exempt was served on the judgment debtor."  Cal. Civ. Proc.

17  Code § 703.520.  Contrary to plaintiff's argument, this section does not govern or provide any

18  guidance on *when* a levy may be secured to collect a debt or what actions those seeking to levy an

19  account must take.  Therefore, plaintiff can base no claim for alleged deprivations of civil rights

20  on an alleged violation of CCP section 703.520.[10]

21      Plaintiff was given leave to amend his sections 1985 and 1986 claims, and was instructed

22  what was necessary to state a claim those sections.  *See* October 4, 2013 Order at 10-11, 13-14.

23  Plaintiff failed to state a claim under either section in his Amended Complaint.  There are no facts

24  alleged in the Amended Complaint or Opposition that would allow him to state such claims.  As a

25

26  ───────────────

27  [10]  Reviewing the Claims of Exemption plaintiff attaches to his Amended Complaint, the grounds for plaintiff's claimed exemption were that the judgment "was on appeal," the judgment "was obtained by fraud," and the judgment is "void on its face."  Amended Complaint, Exhibit H

28  (Docket No.39-5 at 15).  Plaintiff does not show that these grounds for exemption, even if timely asserted, are valid under California law.

United States District Court
Northern District of California

1   result, plaintiff's 42 U.S.C. sections 1985 & 1986 claims are DISMISSED WITH PREJUDICE.

2   **F.  Contract Rights/42 U.S.C. § 1981 (8th COA)**

3   Plaintiff's Eighth Cause of Action is for impairment of his contract rights under 42 U.S.C.

4   1981.[11]  Plaintiff alleges that defendants' conduct violated his rights to contract by preventing

5   plaintiff from securing the benefit the defendants derived from securitizing and/or selling his debt

6   and alleges that the Attorney Defendants violated California Business and Professions Code

7   section 6129 by buying and attempting to collect on plaintiff's debt.[12]  AC, 30-31.

8   The Court has already found that plaintiff has failed to state a claim to any monies the

9   defendants allegedly made off of his debt.  And there are no facts alleged showing that the

10   Attorney Defendants violated Business & Professions Code 6129, much less facts showing how

11   the alleged violation impaired plaintiff's ability to enter into and enforce his own contracts.[13]

12   None of the allegations support a claim for a violation of section 1981.  Having had an opportunity

13   to amend this claim already, and having failed to state facts in his Amended Complaint or in his

14   Opposition that indicate plaintiff will be able to state a section 1981 claim, plaintiff's section 1981

15   claim is DISMISSED WITH PREJUDICE.

16   **G.  42 U.S.C. § 1983 (9th COA)**

17   In his Ninth Cause of Action plaintiff alleges that the Financial Entities, Attorney

18   Defendants and process server Strowbridge "worked in conjunction" with Sheriff Baca to violate

19   his rights by levying plaintiff's bank account in violation of California Code of Civil Procedure

20   section 703.520.  AC, 32-33.  Plaintiff also alleges that these defendants conspired with Baca to

21   violate his civil rights by failing to prevent and/or remove the illegal levy despite plaintiff's

22   demands on the various defendants to do so.  *Id*. at 33.

23   "To prove a conspiracy between the state and private parties under section 1983, the

24   _____

25   [11] Section 1981 protects right rights of persons "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property. . . ."

26   [12] California Business & Professions Code section 6129 provides that "[e]very attorney who,

27   either directly or indirectly, buys or is interested in buying any evidence of debt or thing in action, with intent to bring suit thereon, is guilty of a misdemeanor."

28   [13] The Court notes no facts are alleged that would show that the Attorney Defendants purchased plaintiff's debt to enforce it.

United States District Court
Northern District of California

[plaintiff] must show an 'agreement or "meeting of the minds" to violate constitutional rights.'" *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc) (citations omitted).   "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Id.* at 1541.   Conclusory allegations regarding each participants' agreement to and role in the alleged conspiracy are insufficient to state a claim of conspiracy. *Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003).

Plaintiff's allegations of conspiracy fail to state a section 1983 claim for multiple reasons. First, as discussed above, CCP section 703.520 does not govern when a bank account can be levied and provides no substantive right that plaintiff can allege he was denied.   Second, plaintiff alleges no facts that show that the levy was illegal.   The only facts relied upon by plaintiff is his claimed exemption are that plaintiff's property was exempt from levy because the state court judgment was on appeal, was procedure by fraud, and was void on its face.   In absence of facts which would show that a civil rights violation occurred (and in absence of facts showing that *each defendant* knew of and had the same common objective to conspire with Sheriff Baca to illegally levy plaintiff's bank account), plaintiff has not stated a section 1983 conspiracy claim.   Given that plaintiff was given leave to amend his section 1983 claim in the prior Order, and there are no facts alleged in the Amended Complaint or in his Opposition, that indicate plaintiff will be able to state a section 1983 claim if given further leave to amend, plaintiff's Section 1983 claim is DISMISSED WITH PREJUDICE.

## H.  RICO/18 U.S.C. § 1963 (11th COA)

Plaintiff's Eleventh Cause of Action is for violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq*.   The factual basis for his RICO claim is that: (1) the defendants failed to respond to and admit or deny various "facts on the record" that constitute an "admission to constitutional violation" against plaintiff, AC at 34-35; (2) defendants have "interfered with commerce" by unlawfully putting a lien on plaintiff's bank account, attempted to make plaintiff's appeal of the underlying state court judgment difficult, and used the levy to coerce plaintiff into dropping his appeal, AC at 35; (3) unlawfully getting the Santa Clara

11

1   Superior Court to charge plaintiff for the transcripts from the state court proceedings, including

2   transcripts ordered by defendants, AC at 35-36; and (4) the Attorney Defendants are part of the

3   "racket" that buys bad debt and attempts to collect on the debt for their own benefit in violation of

4   California Business & Professions Code § 6129.

5       Generally, RICO prohibits persons from engaging in a pattern of "racketeering activity" or

6   collection of an unlawful debt.[14]   Under RICO, a "'pattern' ... requires at least two acts of

7   racketeering activity." 18 U.S.C. § 1961(5).   "'[R]acketeering activity' is any act indictable under

8   several provisions of Title 18 of the United States Code, and includes the predicate acts of mail

9   fraud, wire fraud and obstruction of justice." *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004).

10      None of plaintiff's plausibly show a pattern of racketeering activity or collection of

11  unlawful debts.  There is absolutely no legal support for plaintiff's repeated claim that the failure

12  of defendants to respond to various "facts on the record" creates legally binding admissions.  As

13  noted above, plaintiff alleges no facts or legal theory to show the lien on his bank account was

14  illegal under California law.  The actions of the Santa Clara Court with respect to plaintiff's state

15  court appeal, even if caused by a conspiracy between defendants, do not constitute predicate acts

16  of mail fraud, wire fraud, or obstruction of justice as that phrase is used in Title 18 of the United

17  States Code.  And there are no facts to support plaintiff's theory that the Attorney Defendants

18  violated California Business & Professions Code section 6129.[15]

19      Given that plaintiff was given leave to amend, but has still not been able to allege a RICO

20  claim, and there are no facts in the Amended Complaint or his Opposition that indicate he could

21  cure the continuing deficiencies, plaintiff's RICO claim is DISMISSED WITH PREJUDICE.

22  **I.   Quasi-Contract (12th COA)**

23      Plaintiff bases his quasi-contract claim on his theory that the Financial Entities accepted

24

25  [14]  18 U.S.C. § 1962(a) prohibits taking funds gained through racketeering or collection of
    unlawful debts and creating an operation or enterprise that affects interstate or foreign commerce;
26  1962(b) prohibits taking funds gained through racketeering or collection of unlawful debts to
    acquire or maintain any interest in an enterprise which affects interstate or foreign commerce; and
27  1962(c) makes participation in such an enterprise unlawful.
    [15]  Even if a plausible violation of Cal. Bus. & Prof. Code 6129 could be alleged – and it has not –
28  any such violation would be a misdemeanor under California law, and not a RICO predicate act
    under Title 18 of the United States Code.

United States District Court
Northern District of California

1    payments and retained them for their own benefit knowing that they did not have an interest in

2    plaintiff's debt.  AC at 37-38.  Plaintiff also asserts that he is entitled to the monies the Financial

3    Entities made off of his debt through securitization, credit default swaps, insurance payouts, yield

4    spread premiums, tax write offs and government TARP payments.  *Id*. at 38-39.  Finally, plaintiff

5    asserts he is entitled to repayment of the money defendants stole from his bank account as a result

6    of the unlawful levy.  *Id*. at 40.

7          "California courts turn to the legal fiction of 'quasi-contract' to prevent unjust

8    enrichment."  *Raisin Bargaining Ass'n v. Hartford Cas. Ins. Co*., 1:10-CV-00370, 2010 WL

9    3783871, *3 (E.D. Cal. Sept. 27, 2010).  The elements of an unjust enrichment or quasi-contract,

10   claim are (1) a defendant's receipt of a benefit and (2) unjust retention of that benefit at the

11   plaintiff's expense.  *Peterson v. Cellco P'ship*, 164 Cal.App. 4th 1583, 1593 (Cal.Ct.App.2008).

12   "The doctrine applies where plaintiffs, while having no enforceable contract, nonetheless have

13   conferred a benefit on defendant which defendant has knowingly accepted under circumstances

14   that make it inequitable for the defendant to retain the benefit without paying for its value."

15   *Hernandez v. Lopez*, 180 Cal. App. 4th 932, 938 (2009); *see also Florey Inst. of Neuroscience &*

16   *Mental Health v. Kleiner Perkins Caufield & Byers*, CV 12-6504 SC, 2013 WL 5402093 (N.D.

17   Cal. Sept. 26, 2013).

18         Here, to the extent plaintiff is claiming that defendants had no right to payments he made

19   on the underlying debt – either before or after the state court judgment – that challenge is

20   foreclosed by the state court judgment affirming the debt and entering an award in favor of DSNB.

21   To the extent plaintiff is challenging the legality of the levy, plaintiff has failed to allege facts that

22   plausibly show that the levy was illegal.  As noted above, CCP section 703.520, does not support

23   his claim.[16]  Finally, there is no support for plaintiff's claim that he is entitled to monies

24   defendants may have made off of his debt.  None of the grounds asserted by plaintiff can support a

25   claim for restitution/quasi-contract and this claim is DISMISSED WITH PREJUDICE.

26   _____

27   [16]   To the extent plaintiff is alleging the levy was illegal because of the grounds he asserted in his
     claim of exemption – plaintiff is barred by the *Rooker-Feldman* doctrine from contesting the

28   validity of the levy based on an argument that the underlying judgment was "procedure by fraud"
     or "void on its face."

*United States District Court*
*Northern District of California*

### J.  Accounting (13th COA)

Plaintiff's Thirteenth Cause of Action for "Accounting" is based on defendants alleged fiduciary duty to "properly account for payments made by Plaintiff and on behalf of Plaintiff." AC at 41.  The basis of this claim is plaintiff's theory that defendants made money off of plaintiff's debt and plaintiff is entitled to an accounting to determine how much money is owed to him.  *Id*. at 41-42.  As noted above, plaintiff has alleged no viable legal theory or facts to support a right to an "accounting," based on plaintiff's credit card debt, even if that debt (or receivable) was securitized.  Plaintiff's 13th Cause of Action for Accounting is DISMISSED WITH PREJUDICE.

### K.  UCL (3rd COA)

Plaintiff's Third Cause of Action, for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq., is based on plaintiff's claims that defendants harassed him through debt collection phone calls, defendants impermissibly held themselves out as bona fide debt collectors, and defendants' violated CCP section 703.520 by illegally placing a levy on plaintiff's bank account.  AC, 11-12.  As discussed above, plaintiff has failed to show how section 703.520 provides a basis for any of his claims of illegality.  However, as the Court has granted the motion to dismiss the TCPA claim against the Financial Entities with leave to amend, the UCL claim is likewise dismissed with leave to amend, as the TCPA allegations can act as a predicate act for an illegal and/or unfair claim under the UCL.  However, any amended UCL claim must be strictly limited to the allegations regarding the alleged TCPA violations by the Financial Entities.

For the foregoing reasons, ALL CAUSES OF ACTION asserted against the Financial Entities are DISMISSED WITH PREJUDICE, except the Second COA – TCPA and the Third COA – UCL.  Plaintiff's TCPA and UCL causes of action are DISMISSED WITH LEAVE TO AMEND.

## II.  ATTORNEY DEFENDANTS' MOTION TO DISMISS

The Attorney Defendants also move to dismiss the causes of action asserted against them. For the reasons discussed above, many of plaintiff's claims against the Attorney Defendants must be dismissed with prejudice because plaintiff states no actionable theory against *any* defendant. Therefore, plaintiff's **Fifth COA – Recoupment; 6th COA – § 1986; 7th COA – § 1985; 8th**

14

1   **COA – § 1981; 9th COA – § 1983; 11th COA – RICO; 12th COA – Quasi-contract; 13th**

2   **COA – Accounting; and 21st COA – § 1986** are DISMISSED WITH PREJDUICE against the

3   Attorney Defendants.

4          Turning first to the allegations against defendant Larry Strowbridge, who is a process

5   server, the Court notes that there are no specific facts anywhere in the Amended Complaint

6   regarding what exactly defendant Strowbridge did to plaintiff.  Instead, the Amended Complaint

7   alleges generally that Strowbridge worked in conjunction with the other defendants to harm him.

8   However, reading the Amended Complaint generously, there are two sets of harms that plaintiff

9   could conceivably assert that Strowbridge caused him:  First, plaintiff complains that he was

10  personally served the state court complaint, and argues that was illegal because it would have been

11  cheaper to serve by mail and the personal service violated the "notice of no trespass" that plaintiff

12  served on the Attorney Defendants.  *See, e.g.*, AC at 7, 13; *see also* Opposition to Attorney

13  Defendants MTD (Docket No. 53) at 4-5.  Second, plaintiff complains that Strowbridge and Baca

14  conspired, along with the other defendants, to impose an illegal levy on plaintiff's bank account.

15  *See, e.g.*, AC at 8, 12.

16         With respect to the first harm alleged, claims regarding the method of service for the state

17  court complaint are not actionable.  Plaintiff's complaint about the cost of service of the state court

18  complaint is a matter that is ancillary to the state court's judgment as a matter of taxable costs in

19  connection with that proceeding, and cannot be challenged here in light of the *Rooker-Feldman*

20  doctrine.  With respect to plaintiff's claim that a process server was not entitled to personally serve

21  him with the state court complaint because he had provided a "notice of no trespass" to the

22  Attorney Defendants (*see* AC, Exhibit B [Docket No. 39-3]), that claim also fails.  Plaintiff

23  identifies no law that is broken when a process server serves a complaint, despite a "no trespass"

24  warning.  Any such claim would, in any event, likely be barred by California's litigation privilege,

25  Cal. Civ. Code § 47(b), which protects communications made as part of judicial proceedings, that

26  are necessary to achieve the object of the litigation.  *See, e.g., Rusheen v. Cohen*, 37 Cal.4th 1048,

27  1057 (2006) (the privilege is "not limited to statements made during a trial or other proceedings,

28  but may extend to steps taken prior thereto, or afterwards.").  With respect to the second ground,

United States District Court
Northern District of California

1    as noted above plaintiff alleges no facts (or applicable law) to support his claim that the levy was

2    illegal under CCP 703.520 or otherwise.

3        As plaintiff was given leave to amend to state specific facts against each defendant, but

4    failed to do so against defendant Strowbridge, and as there are no facts alleged in the Amended

5    Complaint or the Opposition that indicate plaintiff can state a claim against Strowbridge, all of

6    plaintiff's claims against defendant Strowbridge are DISMISSED WITH PREJUDICE.

7        The Court will now address the claims remaining against the other Attorney Defendants.

8    **A.  Negligence**

9        The Attorney Defendants argue that plaintiff's negligence claim is barred by the California

10   litigation privilege, California Civil Code 47(b).  As explained by the California Supreme Court,

11   "For well over a century, communications with 'some relation' to judicial proceedings have been

12   absolutely immune from tort liability by the privilege codified as section 47 (b)."  *Rubin v. Green*,

13   4 Cal. 4th 1187, 1193 (1993).  The privilege applies, "regardless whether the communication was

14   made with malice or the intent to harm." *Kashian v. Harriman*, 98 Cal. App. 4th 892, 913 (2002).

15   This privilege from tort liability, therefore, covers service of the complaint, correspondence about

16   the lawsuit, as well as any action taken during the state court proceedings (filings, testimony, etc).

17   As noted above, in the prior complaint the claims against the attorney defendants arose out of the

18   litigation they prosecuted against plaintiff in state court.  Those claims would, by their nature, be

19   barred by California's litigation privilege.

20       In the Amended Complaint, as noted above, plaintiff's negligence claims are based on

21   allegations that the "defendants" (1) illegally attempted to collect the underlying credit card debt,

22   despite plaintiff's notice to a collections agency and the Attorney Defendants' law firm that

23   plaintiff contested the validity of the debt, and (2) placed a levy on plaintiff's bank account to

24   collect on the resulting state court judgment in violation of California Code of Civil Procedure

25   703.520.  AC, at 7-8.  With respect to the debt collection, any actions taken by the Attorney

26   Defendants in conjunction with the state court collection proceedings (for example, notice of

27   intent to file a lawsuit, service of lawsuit, notice of levy following state court judgment) are

28   protected by the litigation privilege.  As currently plead, it is unclear whether plaintiff is basing his

United States District Court
Northern District of California

negligence claims against the Attorney Defendants on any "debt collection" actions *other* than ones in connection with the state court collection proceedings.

With respect to the illegal levy, the only ground asserted for the levy's illegality is CCP section 703.520, which the Court has found does not provide a basis for the Court to conclude, assuming plaintiff's facts are true, that the levy was illegal.

Because the facts are not sufficiently pleaded, the Court is uncertain that any of plaintiff's negligence allegations against the Attorney Defendants will survive application of the California litigation privilege. The negligence claim against the Attorney Defendants will be DISMISSED with leave to amend. If plaintiff chooses to amend his negligence claim, he cannot base it on communications connected with the state court collection proceedings, as those communications are protected by the litigation privilege.

**B. TCPA**

The Attorney Defendants argue plaintiff's TCPA claim against them is still insufficient because plaintiff does not identify which defendants – as between the Financial Entities or the Attorney Defendants – plaintiff believes placed the automated calls. The Attorney Defendants also argue that the claim is deficient because plaintiff does not allege that the calls were made without "prior express consent." With respect to the consent issue, as the Court noted above, consent is a defense that does not need to be plead by plaintiff. With respect to the continued absence of facts explaining plaintiff's basis for believing that the Attorney Defendants were responsible for sending the automated calls to his cellular phone, the Court finds that this claim – as with the TCPA claim asserted against the Financial Entities – should be DISMISSED with leave to amend.[17]

**C. FDCPA**

The Attorney Defendants also move to dismiss the FDCPA claim, arguing that plaintiff has

---

[17]   The Attorney Defendants argue that third-party debt collection calls, which are the only calls they plausibly would have made, are exempt for liability under 47 U.S.C. § 227(b)(1)(B). Motion at 15. The Attorney Defendants are correct with respect to the calls placed to plaintiff's home phone. However, the exception identified by the Attorney Defendants does not apply to the cellular calls that plaintiff also alleges he received.

United States District Court
Northern District of California

1   failed to allege that the Attorney Defendants were "debt collectors" covered by the Act, and that

2   plaintiff has failed to identify any conduct that would be actionable under the FDCPA. Read

3   generously, the only allegations regarding the Attorney Defendants' misconduct in connection

4   with collecting a debt in the Amended Complaint are the harassing phone calls, the service of the

5   complaint despite plaintiff's notice of no trespass, and the illegal levy.  However, there is no cause

6   of action under the FDCPA for service of a debt collection complaint.  *See Harvey v. Great*

7   *Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006) (filing of a debt collection suit, even where

8   the person filing the suit does not have adequate proof of the validity of the underlying debt, does

9   not violate the FDCPA as the filing of the lawsuit "does not have the natural consequence of

10  harassing, abusing, or oppressing a debtor.").[18]  Moreover, as noted above, plaintiff has failed to

11  allege facts that plausibly show the levy was illegal.

12          The only potentially actionable claim under the FDCPA, therefore, are the harassing phone

13  calls.  However, plaintiff fails to allege facts to support a claim that the calls were harassing or

14  otherwise in violation of the FDCPA.  In order to state a claim that phone calls or other collection

15  efforts were in violation of the FDCPA, the plaintiff must plead facts showing that the frequency,

16  duration, pattern or content of the phone calls were such that the calls constituted harassment,

17  oppression or abuse.  *See* 15 U.S.C. § 1692d(5) (conduct that constitutes harassment, oppression

18  or abuse, includes "[c]ausing a telephone to ring or engaging any person in telephone conversation

19  repeatedly or continuously with intent to annoy, abuse, or harass any person at the called

20  number.").

21          While the Amended Complaint added some more specific facts to support his FDCPA

22  claim, there are still insufficient facts to demonstrate a plausible claim of harassment, oppression

23  or abuse under the FDCPA.  Plaintiff must amend this claim to allege plausible facts that the calls

24  were harassing, oppressive or abusive by their frequency, timing (i.e., during the night or at other

25  inconvenient hours), or content.  Therefore, the FDCPA claim against the Attorney Defendants is

26

27  _____

    [18]  The Court notes that a FDCPA claim cannot be asserted against process server Strowbridge
28  because under the FDCPA, the term "debt collector" does not apply to "any person while serving
    or attempting to serve legal process on any other person in connection with the judicial
    enforcement of any debt." 15 U.S.C. § 1692a(6)(D).

1    DISMISSED with leave to amend.

2        **D.  UCL**

3        As the Court has dismissed with leave to amend the Negligence, TCPA and FDCPA claims

4    against the Attorney Defendants, the UCL claim is similarly dismissed with leave to amend, with

5    the express limitation that any repled UCL claim will be limited to the allegations supporting the

6    Negligence, TCPA and FDCPA claims.

7    **III.  DEFENDANT BACA'S MOTION TO DISMISS**

8        Defendant Baca has also moved to dismiss or, in the alternative, for a more definite

9    statement.  The only specific allegation made against Sheriff Baca in the Amended Complaint is

10   that he imposed an illegal levy on plaintiff's bank account in violation of California Code of Civil

11   Procedure section 703.520.  However, as noted above, CCP section 703.520 does not impose any

12   requirements or liability on defendant Baca, it only sets out the timing within which a debtor

13   should file a claim of exemption.  Other than challenges to the underlying judgment, which are

14   barred by the *Rooker-Feldman* doctrine, there are no other arguments why the levy was illegal that

15   could be the basis for imposing liability on Baca.  In his opposition to Baca's motion, plaintiff

16   does not explain any other ground on which he could challenge Baca's conduct.  Instead, plaintiff

17   asserts without providing any facts that Baca was part of a conspiracy with the other defendants

18   which resulted in the harassing phone calls, the trespass for service, and the violation of CCP

19   section 703.520.  *See* Opposition Br. (Docket No. 52) at 5-6.  These allegations are insufficient.

20       Plaintiff has already had an opportunity to amend his Complaint to state a claim, and in his

21   Amended Complaint focused solely on the misplaced argument that Baca violated of CCP section

22   703.520.  Plaintiff has not, even reading his Amended Complaint and Opposition briefs

23   generously, indicated that he could plead any other facts that could support a claim against Baca.

24   As such, Baca's Motion to Dismiss is GRANTED and all causes of action asserted against Baca

25   are DISMISSED WITH PREJUDICE.

26   **IV.  PLAINTIFF'S MOTIONS**

27       **A.  Plaintiff's Motion for Leave to File An Amended Complaint**

28       Plaintiff has filed a motion for leave to amend the complaint to join as defendants

19

United States District Court
Northern District of California

1    Deutsche Bank Trust Company America, Euroclear Bank S.A./N.V., BNY Mellon, Irene Siegel,

2    and Jenna Kaufman.  Docket No. 64.

3         Generally, leave to amend should be freely given absent "(1) bad faith on the part of the

4    plaintiffs; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed

5    amendment."  *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir.

6    1999).  The Ninth Circuit has held, "[f]utility of amendment can, by itself, justify the denial of a

7    motion for leave to amend."  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

8         Plaintiff's motion for leave to amend is DENIED as the proposed amendment would be

9    futile.  In his motion, plaintiff alleges *no facts* showing that any of the proposed new defendants

10   caused him any harm.  The only time the proposed new defendants are mentioned is in footnote 4,

11   where plaintiff explains that the proposed new defendants were listed in the Citibank Credit Card

12   Master Trust I, Second Amended and Restated Pooling and Servicing Agreement.  Docket No. 64,

13   at 9 fn.4.

14        Reading the motion generously, it appears that the claim plaintiff wants to assert against

15   the proposed new defendants is a claim that the new defendants – like the Financial Entities – owe

16   plaintiff money because they were somehow involved in the securitization of his credit card debt

17   and they somehow made money off of that securitization.  Docket No. 64 at 15-16.  Plaintiff

18   claims he and the "true investor" in his credit card debt are entitled to those monies because "it

19   was Plaintiff's note and security that financial entities Defendants and Co Defendant securitized."

20   *Id*. at 16.

21        There are three problems with plaintiff's new theory and the proposed new defendants:

22   *First*, there are no facts linking each of the defendants he seeks to add to this case to any of the

23   alleged harms he is complaining about.[19]  That is sufficient to deny to the motion for leave to

24   amend.  *Second*, even if plaintiff could state facts or explain how each the proposed new

25

26   ─────────────────────
     [19]   Beyond claiming that proposed new defendant Deutsche Bank was the trustee on the Pooling
27   and Servicing Agreement governing Citibank's securitized credit card receivables, he does not
     explain how Deutsche Bank's actions – or any of the other proposed defendants' actions – directly
28   caused him any harm as opposed to the harm allegedly caused by Citibank who securitized his
     debt but retained the right to service it.

United States District Court
Northern District of California

defendants caused him harm and/or made money off of plaintiff's debt, plaintiff cites no cause of action that would entitle him – as the person who signed a credit card agreement, incurred debt on that card, and allegedly did not pay it back – to the money and proceeds the financial entities made off of his debt.  There is simply no basis for this claim.  *Third*, making the assumption that someone might be entitled to part of the money a financial entity made off of plaintiff's debt, it would only be the "true investor" and holder of plaintiff's debt.  Plaintiff does not have standing to pursue any such claim (if one exists) on behalf of the "true investor."

While plaintiff claims that it would be unfair to allow defendants to be paid over and above "what they have been paid based on state court judgment," his failure to identify facts or assert a cause of action that could be stated against the proposed new defendants fatally undermine his Motion for Leave to Amend and the motion is DENIED.

### B.  Plaintiff's Motion for Challenge of Jurisdiction

Plaintiff has filed a motion to "challenge" jurisdiction, arguing that the Court cannot "rule judicially" until jurisdiction has been established and that this Court's jurisdiction cannot be established until the parties (not their attorneys) testify in Court.  Docket No. 67.  The motion generally challenges the Financial Entities' failures to provide fact witnesses and evidence on the record "to prove their case."  *Id.* at 3.[20]  However, this case is not at the summary judgment stage (where evidence is relevant), but at the motion to dismiss stage.  At this stage "evidence" from the defendants is generally not allowed and is not required.  What is required is a complaint from the plaintiff that states a valid cause of action.  Plaintiff's motion is DENIED.

### C.  Plaintiff's Motion for Expedited Discovery

Plaintiff has filed a motion for expedited discovery and a series of amended and original discovery requests.  *See* Motion for Expedited Discovery (Docket No. 70); Requests for Production (Docket No. 68); Requests for Admissions (Docket No. 69), and Amended Discovery Requests (Docket No. 71).  The premise of plaintiff's motion for discovery is that plaintiff is attempting the challenge the "Ponzi" scheme which has been falsely labeled as a "credit card debt collection," is

---

[20]  Plaintiff also refers to this argument in his oppositions to the motions to dismiss.  *See, e.g.*, Docket No. 56 at 11.

United States District Court
Northern District of California

1  attempting to identify the true and present beneficiary on the state court judgment, and to find the

2  identity of the "true investor" on his initial debt.  Docket No. 70 at 1.  As such, he contends

3  expedited discovery is appropriate.

4  As discussed above, the only claims on which plaintiff has been given leave to amend are

5  his Negligence, TCPA and FDCPA claims.  There is no prohibition to propounding discovery

6  limited to those three claims, even though the Court has not determined that those claims will

7  survive a motion to dismiss but is simply giving plaintiff another chance to attempt to allege them

8  with sufficient specificity.  Expedited discovery is unnecessary and the motion for expedited

9  discovery is DENIED as moot.

10  **D.  Plaintiff's Motion to Compel Citibank to Submit an Affidavit**

11  Plaintiff also moves the Court to compel the Financial Entities under Federal Rule of Civil

12  Procedure 17(a) to submit an affidavit stating whether or not they are representing "the holder in

13  due course and the creditor in this matter."  Docket No. 66.  Rule 17(a) requires that an action be

14  "prosecuted" in the name of the real party in interest.  Here, it is plaintiff who is "prosecuting" this

15  action by bringing a lawsuit *against* the Financial Entities.   The Financial Entities are simply

16  *defending* themselves from plaintiff's claims, and Rule 17(a) does apply to them.  Moreover, who

17  the Financial Entities are "representing," and the Financial Entities current relationship to

18  plaintiff's debt if any, are irrelevant at this juncture.  Plaintiff's motion is DENIED.

19  **CONCLUSION**

20  For the foregoing reasons, the Financial Entities' Motion to Dismiss is GRANTED.  All

21  causes of action, except the Second (TCPA) and Third (UCL) are DISMISSED WITH

22  PREJUDICE.  Plaintiff's Second and Third Causes of Action are DISMISSED with leave to

23  amend.

24  The Attorney Defendants' Motion to Dismiss is GRANTED.   All causes of action asserted

25  against defendant Strowbridge are DISMISSED WITH PREJUDICE.  All causes of action except

26  the First, (Negligence), Second (TCPA), Third (UCL) and Fourth (FDCPA) are DISMISSED

27  WITH PREJUDICE as to defendants Michael S. Hunt, Anthony Dipiero, and Donald Sherrill.

28  The First, Second, Third and Fourth Causes of Action against the remaining Attorney Defendants

United States District Court
Northern District of California

22

are DISMISSED with leave to amend.

Defendant Baca's Motion to Dismiss is GRANTED and all causes of action asserted against defendant Baca are DISMISSED WITH PREJUDICE.

Plaintiff's Motions for Leave to File an Amended Complaint, to Challenge Jurisdiction, for Expedited Discovery and to Compel are DENIED.

Plaintiff's Second Amended Complaint shall be filed **within twenty (20) days** of the date of this Order.

**IT IS SO ORDERED**.

Dated: December 13, 2013



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California

23