1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FAREED SEPEHRY-FARD,

          Plaintiff,

      v.

DEPARTMENT STORES NATIONAL
BANK, et al.,

          Defendants.

Case No.   13-cv-03131-WHO

**ORDER DENYING MOTION FOR
RECONSIDERATION; DENYING
MOTION TO FACILITATE GRAND
JURY INVESTIGATION; DENYING
CONTINGENT MOTION FOR
DISQUALIFICATION**

Re: Dkt. Nos. 76, 77, 78

Currently before the Court are plaintiff's motion for reconsideration of the Court's

December 13, 2013 Order granting defendants' motions to dismiss, plaintiff's motion to have the

Court facilitate a grand jury investigation and plaintiff's contingent motion for disqualification.

The Court DENIES the motion for reconsideration. Rule 60(b) of the Federal Rules of

Civil Procedure provides for reconsideration of a court order where one or more of the following

is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence

that by due diligence could not have been discovered before the court's decision; (3) fraud by the

adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason

justifying relief. *See* Fed.R.Civ.P. 60(b); *School Dist. 1J v. ACandS Inc*., 5 F.3d 1255, 1263 (9th

Cir.1993). Although couched in broad terms, subparagraph (6) requires a showing that the

grounds justifying relief are extraordinary. *Twentieth Century–Fox Film Corp. v. Dunnahoo*, 637

F.2d 1338, 1341 (9th Cir.1981). Having reviewed plaintiff's motion, the Court finds there is no

basis to reconsider the Order dismissing plaintiff's claims against the Financial Entities, the

Attorney Defendants, and Sheriff Baca and denying plaintiff's motions. *See* Docket No. 74.

Plaintiff does not raise new arguments or submit newly discovered evidence, but simply argues

1    that the Court was wrong.

2         The Court DENIES the motion to facilitate a grand jury investigation.  The only authority

3    plaintiff cites to support his request is California Rule of Court 7.10.  That rule, however, governs

4    ex parte communications in proceedings under the California Probate Code and discusses when

5    state courts may refer such communications to other entities for investigation.  That rule has no

6    applicability to proceedings in this Court and does not authorize this Court to "facilitate" a grand

7    jury investigation into the conduct of the defendants in this case.

8         The Court DENIES the contingent motion for disqualification.  According to plaintiff, the

9    motion is contingent as it will only "kick in" if the Court does not award plaintiff the damages he

10   seeks.  Docket No. 77 at 2.  The sole basis for the motion is plaintiff's disagreement with the

11   Court's prior orders and the Court's alleged ignoring evidence of wrongdoing by defendants.

12   Complaints about and disagreement with the conclusions the Court reached in its prior orders

13   cannot support a claim of bias or prejudice to warrant disqualification or recusal.  *See, e.g., United*

14   *States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("The alleged prejudice must result from an

15   extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal.").

16        Plaintiff's motions for reconsideration, to facilitate a grand jury investigation, and to

17   recuse are DENIED.

18

19        **IT IS SO ORDERED**.

20   Dated: January 7, 2014



21

22        WILLIAM H. ORRICK
     United States District Judge

23

24

25

26

27

28

United States District Court
Northern District of California