UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAREED SEPEHRY-FARD,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT STORES NATIONAL BANK, et al.,<br><br>    Defendants. | Case No. 13-cv-03131-WHO<br><br>**ORDER DENYING PLAINITFF'S MOTIONS FOR RECONSIDERATION, TO CHANGE VENUE, AND DISQUALIFICATION**<br><br>Re: Dkt. Nos. 99, 100, 101 |

On February 14, 2014, I dismissed plaintiff's Second Amended Complaint with prejudice and entered judgment against plaintiff. Docket Nos. 97, 98. Plaintiff now moves for reconsideration of the dismissal, to change venue, and to disqualify me. These motions are set to be heard on May 14, 2014. Pursuant to Civil Local Rule 7-1(b), I find these matters appropriate for resolution without oral argument and hereby VACATE the hearing.

In his motion for reconsideration, Mr. Sepehry-Fard simply reasserts his theories of liability against the dismissed Judicial Defendants and their alleged co-conspirators. Docket No. 99. This is plaintiff's second attempt to seek reconsideration of the dismissal of the Judicial Defendants. On November 6, 2013, I denied plaintiff's motion to alter or amend the judgment (Docket No. 50), finding that "there is no basis to reconsider the prior order dismissing the claims against the Judicial Defendants with prejudice. Sepehry-Fard does not point to any new evidence or new law and simply reiterates the arguments made in his opposition to the Judicial Defendants' Motion to Dismiss." Docket No. 50 at 2. The same is true here.

Sepehry-Fard also argues that dismissal of his case against the Financial Defendants and Attorney Defendants was improper. Docket No. 99 at 12 – 27. Plaintiff contends that the Court misinterpreted the law and ignored facts alleged in his Second Amended Complaint with respect to his FDCPA, TCPA and UCL claims. However, Sepehry-Fard does not identify any: (i) material

difference in fact or law that he became aware of, despite due diligence, after I dismissed his case with prejudice; (ii) the emergence of new material facts or a change of law occurring after the time I dismissed his case with prejudice; or (iii) a manifest failure by me to consider material facts or dispositive legal arguments which were presented in his oppositions to the motions to dismiss. *See* Civil L.R. 7-9; *see also* Fed. R. Civ. Proc. 60(b) (grounds for reconsideration are: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief). Instead, Sepehry-Fard disagrees with my conclusions about the adequacy of the facts alleged in his Second Amended Complaint and the application of the laws' requirements to those facts. That, however, is not a proper basis on which to seek reconsideration, and should instead be raised on appeal.

In his motion for reconsideration, and the motions to transfer venue and for disqualification, Sepehry-Fard argues that I have failed to follow the law, violated various codes of judicial conduct, acted in treason, lacked subject matter to rule on his case, and have a conflict of interest in owning unspecified "bonds." *See, e.g.,* Docket No. 100 at 2, 9, 11; Docket No. 101 at 4, 6, 10. The relief he seeks in his motions to change venue and for disqualification is the transfer of this case to another judge on another court, because the judges in this district are likely "friends" or otherwise in collusion with the Judicial Defendants, and the assignment of his case to a new judge who is "constitutionally compliant."

As to transfer, after a court has dismissed a case with prejudice, there is no basis or authority to transfer that closed case to another jurisdiction. As to disqualification, as the Court explained to Sepehry-Fard in the January 7, 2014 Order, "[c]omplaints about and disagreement with the conclusions the Court reached in its prior orders cannot support a claim of bias or prejudice to warrant disqualification or recusal." Docket No. 82 at 2 (citing *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal.")).

Sepehry-Fard's motions for reconsideration, transfer and disqualification are DENIED.

1  This case is closed and the Clerk SHALL NOT ACCEPT ANY MORE FILINGS FROM
2  SEPEHRY-FARD in this case.
3
4       **IT IS SO ORDERED**.
5  Dated: May 5, 2014



WILLIAM H. ORRICK
United States District Judge